ANNA L. PECK, as Administratrix, etc., Respondent, v. JOHN B. VALENTINE, Appellant.

Upon the trial of an action against an agent, who had charge of certain business for his principal, for alleged embezzlement of moneys received on sales, and for the purpose of showing that defendant had not entered in his cash-book all the moneys received by him on sales, plaintiff called L., as a witness, who testified that he kept on a loose piece of paper an account from day to day of moneys received by defendant from cash sales during a period specified, which paper he gave to plaintiff, and that the entries therein were true statements of the transactions. Plaintiff then testified that he received the paper and had lost it, but that he copied the figures correctly in a memorandum-book, which he produced, and that the entries had not been altered. These entries were offered and received in evidence under objection. *Held* error; that the original writing was not one the contents of which, if lost, could be proved by secondary evidence.

*It seems* that the original memorandum, had it been produced, could have been used by L. to refresh his recollection; or if it failed so to do, upon his testifying that it was a true statement of facts known to him at the time of the transactions, it might have been read in evidence in connection with, and as auxiliary to, his testimony.

*Peck* v. *Valentine* (29 Hun, 668), reversed.

(Argued January 22, 1884; decided February 5, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 12, 1882, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Mem. of decision below, 29 Hun, 668.)

The complaint in this action alleged, in substance, that defendant was employed by J. Melner Peck, the original plaintiff and the present plaintiff's intestate, as his agent to conduct and carry on the lumber business at the lumber yard of said Peck; that said defendant sold a large quantity of lumber and received the pay therefor, for which he failed to account, but embezzled and converted the same to his own use.

The facts, so far as material, are stated in the opinion.

*Josiah T. Marean* for appellant. When a witness who once

knew a material fact, to which he could now testify, 'but his memory of it has failed, swears that while he did remember he made a true statement of it in writing, he may be allowed to testify to the fact from the' paper, it being produced and shown him, or the paper itself may be read in evidence as auxiliary to his testimony. (*Russell* v. *H. R. R. R. Co.*, 17 N. Y. 139 ; *Guy* v. *Mead*, 22 id. 464–5 ; *Cole* v. *Jessup*, 10 id. 96 ; *Merrill* v. *I. & O. R. R. Co.*, 16 Wend. 586 ; *Clute* v. *Small*, 17 id. 237 ; *Marley* v. *Schultz*, 29 N. Y. 346 ; *McCormick* v. *P. C. R. R. Co.*, 49 id. 315.) The contents of the memorandum however cannot be proved by a copy. (*Halsey* v. *Sinsebaugh*, 15 N. Y. 485 ; *Russell* v. *H. R. R. R. Co.*, 17 id. 139 ; *Howard* v. *McDonough*, 77 id. 592 ; *Driggs* v. *Smith*, 36 Sup. Ct. 283 ; 77 N. Y. 594 ; 1 Greenl. on Ev., § 437 ; *Gilchrist* v. *Brooklyn Y. M. A.*, 59 N. Y. 499.) Proof that Leggett could not then testify to the facts from memory was indispensable. (*Russell* v. *H. R. R. R. Co.*, 17 N. Y. 139 ; *Halsey* v. *Sinsebaugh*, 15 id. 485 ; *Howard* v. *McDonough*, 77 id. 592 ; *Driggs* v. *Smith*, 36 Sup. Ct. 283.) The introduction of the memorandum at all is only as a substitute for the reading of it to the jury by the witness himself, after he identifies it as his, and says he knows it to be true. (*Russell* v. *H. R. R. R. Co.*, 17 N. Y. 139–140.)

*W. T. B. Milliken* for respondent. The original memorandum, of which exhibit 13 was a copy, was admissible as evidence. (*Clark* v. *Vorce*, 15 Wend. 193 ; *Merrell* v. *I. & O. R. R. Co.*, 6 id. 596–598 ; *Cole* v. *Jessup*, 10 N. Y. 96 ; *B'k of Monroe* v. *Culon*, 2 Hill, 535 ; *Guy* v. *Mead*, 22 N. Y. 462 ; *Halsey* v. *Sinsebaugh*, 15 id. 487.) On proof of the loss of the original memorandum, the copy was admissible. (1 Greenleaf, § 84, 558 ; *Hildebrant* v. *Crawford*, 6 Lans. 507 ; *Adams* v. *People*, 3 Hun, 654.) If the objection was to the extraneous matter on the exhibit, or to the lack of proper foundation for its introduction, the same should have been specified. (*Mabbett* v. *White*, 12 N. Y. 451 ; *Hught* v. *People*, 50 id. 392 ; *Merritt* v. *Seaman*, 6 id. 168 ; *Requa* v. *Holmes*, 16 id. 193.) Unless it appear that the evidence admitted was material, the

exception will not avail. (*Howard* v. *Willets*, 9 N. Y. 170; *Stephen* v. *People*, 4 Park. 396; *Porter* v. *Ruckman*, 38 N. Y. 210.) A general objection to the testimony of a witness cannot prevail if any part of it were competent. (*Richardson* v. *Wilkins*, 19 Barb. 510; *Graham* v. *Dunnigan*, 2 Bosw. 516; *Day* v. *Roth*, 18 N. Y. 448; *Levin* v. *Russel*, 42 id. 251.)

ANDREWS, J.   The plaintiff, for the purpose of proving that the defendant had not entered in the cash-book all the moneys received by him from sales of lumber, called one Leggett as a witness, who testified that in July, 1879, he was employed by the plaintiff in his lumber yard, and kept on a loose piece of paper an account of moneys received by the defendant from sales of lumber from the 1st to the 18th of that month; that the entries were made each day continuously, except Sunday, and were correct; that he gave the paper to the plaintiff, and that the defendant never saw it.   The plaintiff testified, that he received the memorandum from Leggett, and had lost it, but that he copied the figures correctly into a memorandum-book (which he produced) and that the entries had not been altered.   The entries in the memorandum-book were then offered and received in evidence, under the defendant's objection.

We think the entries were not competent evidence.   The original memorandum, if it had been produced, could have been used by Leggett to refresh his recollection; or if he had forgotten the facts stated, and could not on seeing the memorandum recall them, yet if he had been able to state that it was a true statement of the transactions, known to him at the time, it could have been read in evidence in connection with, and as auxiliary to his testimony. (*Guy* v. *Mead*, 22 N. Y. 462.) But the adverse party on production by the witness of the memorandum would have had the right of inspection and cross-examination, a right of great importance as a protection against fabricated evidence.   (Stephens on Evidence, art. 136; COWEN, J., *Merrill* v. *Ithaca, etc., R. R. Co.*, 16 Wend. 600.) In this case the memorandum was not produced and Leggett

was not sworn as to its contents, for the reason doubtless that he could not remember what it contained. The only evidence to connect the entries in the plaintiff's book with the original memorandum, or to establish the amount of money received by the defendant during the time stated, was the oath of the defendant that the entries were a true transcript from the memorandum in connection with the testimony of Leggett, that the memorandum was a true statement of the transactions at the time. The original memorandum was the mere declaration of Leggett in writing of certain facts observed by him. The case is not distinguishable in principle from what it would have been if there had been no memorandum and the plaintiff had been permitted to prove the oral representations of Leggett to him of the same facts. This would be mere hearsay, and the fact that the statement instead of being oral was written does not alter the character of the evidence. A similar question was presented in *Clute* v. *Small* (17 Wend. 238). The plaintiff in that case sought to prove an admission of the defendant made to the sheriff at the time of the service of the writ, and was permitted to prove the contents of a letter written by the sheriff to the plaintiff's attorneys on returning the process, in which he reported the admission made by the defendant. The letter was lost and the sheriff testified that he could not recollect the contents of the letter or what the defendant had said, but that what he wrote was undoubtedly as stated by the defendant. The evidence of the sheriff was held to be inadmissible, COWEN, J., saying : " There was only one of two ways in which he could be allowed to speak ; that is, either from positive recollection or from seeing the letter and knowing it to be his own statement." And again : " The inquiry here was no more than the common one to a witness ; would you have asserted such a matter unless it had been true ? and on obtaining the witness' affirmative answer, going on to prove what he did say."

The substantive fact sought to be proved in this case was the receipt by defendant of moneys for which he had not accounted. It could be proved by any competent com-

mon-law evidence. But the original memorandum of Leggett was not original or primary evidence to charge the defendant. It was not a writing *inter partes,* nor one creating rights or of which rights could be predicated, as a will, contract or deed ; nor was it a record of transactions in the ordinary course of business, as books of account, nor a paper made by the defendant, or to which he was in any way privy. It was apparently a private statement of an exceptional transaction, made by an agent in aid of his memory, for the information of his principal. The facts stated were relevant and could be proved by any one who could testify to their existence, either directly, as matter of personal recollection, or from a memorandum made by him, which he could verify as true. The entries in the plaintiff's book were not authenticated by Leggett. Whether they were a correct transcript of his original memorandum depended solely upon the plaintiff's evidence. The original memorandum was not a writing the contents of which, if lost, could be proved by secondary evidence. The rule upon that subject relates to writings which are in their nature original evidence, and in case of loss, their contents are from necessity allowed to be proved by parol. We think the admission of the entries from the plaintiff's book was not justified by any rule heretofore established, and to extend the rule so as to admit a copy of a memorandum not in its nature original evidence of the facts recorded, and not verified by the party who made the original and knew the facts, would open the door to mistake, uncertainty and fraud, a consequence far more serious than would flow from a restriction which in a particular instance might seem to prevent the ascertainment of truth.

For the error in admitting the entries the judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed. -