[Filed December 16, 1890.]

## MAX FRIENDLY v. J. B. LEE.

BOOKS OF ACCOUNT—ADMISSIBILITY OF.—While books of account kept by a party, or known by him to be correct, may be used by him as memoranda for the purpose of refreshing his memory, this question must be kept distinct from the question: under what circumstances, books of account, shown to have been correctly kept, are admissible as original evidence.

MEMORANDA—DATES.—A witness will be permitted to refresh his memory by an examination of memoranda reasonably contemporaneous with the transaction to which they relate, regarding dates, figures, results of calculation, and the like.

WITNESS—WHERE HAS RECOLLECTION OF FACTS.—Where the record discloses that at the time the witness testified, he had, without even looking at the entry in his book, a distinct recollection of the essential fact stated therein, there was no necessity whatever of reading the entry to the jury, and there was no error in refusing it.

JUDGMENT—NON OBSTANTE VEREDICTO.—A judgment *non obstante veredicto* is always upon the merits, and is never granted but in a very clear case, as where it is apparent to the court from the defendant's own plea that he can have no merits.

Benton county: R. S. BEAN, Judge.

Plaintiff appeals. Reversed.

This was an action to recover sixty dollars. In substance, it arose out of this state of facts: The plaintiff alleges that on the 29th day of May, 1886, he borrowed of the defendant the sum of $300 at the rate of ten per cent interest; that on the 28th day of November, 1887, he payed the plaintiff $45 on the same, and that on the 7th day of September, 1889, there was due the sum of $356.22, and that he paid the defendant the said sum of $356.22, and by mistake in addition thereto paid the defendant $60, and that he has demanded the payment of the said sum of $60, which the defendant refused to pay, etc.

The defendant by his answer, after denying the facts as alleged, avers that the said sum of $300 for which the plaintiff gave his promissory note with interest, etc., was borrowed on the 29th day of May, 1884, and not otherwise. All the other facts are admitted, and the right to recover the sum of $60 sued for depends on whether it was borrowed on the 29th day of May, 1886, as alleged by plaintiff, or on the 29th day of May, 1884, as claimed by defendant. It appears by the bill of exceptions that the plaintiff testified in substance that he received the said sum of $300 from the defendant

on the date as alleged by him and that it was the only money he had ever borrowed or had of the defendant, and offered in evidence what he called a cash-book, which had been kept by him, and that the entries therein were made at the time they purport to have been, and that he knew they were correct; and in which book, on page 67 thereof, under date of May 29, 1886, there was an entry in plaintiff's handwriting of $300 cash received of the defendant, etc.

The defendant objected to the introduction of the same, which the court sustained, except in so far that the witness might be allowed to refresh his memory therefrom, to which exception was taken, and this constitutes the main ground relied upon to reverse the judgment.

*J. W. Rayburn,* and *John M. Somers,* for Appellant.

*J. R. Bryson,* and *W. S. McFadden,* for Respondent.

LORD, J.—Upon this state of facts the only inquiry is, did the trial court err in refusing to permit the entry on the cash-book to be read to the jury as evidence? The issue was, whether or not the plaintiff had received from the defendant the sum of $300 on the 29th day of May, 1886. It was in support of that issue to which his testimony was directed and the entry was offered as evidence. The record discloses that he had testified that the $300 was received by him from the defendant on that date, and that it was the only money he had ever borrowed or had from the defendant; that after testifying to these facts, he offered in evidence the page of his cash-book embracing the entry of the sum of money loaned, to show the date it bore was as he had alleged. Upon objection, the trial court, while excluding the entry as evidence, allowed it to be used for the purpose of refreshing the memory of the plaintiff to enable him to testify to the fact of his own knowledge. The contention for the plaintiff is, that the entry was admissible, but the law cited and relied upon to sustain it relates exclusively to the admission of the account books of merchants and handicraftsmen, in proof of the delivery of goods or the performance of work, therein charged. Briefly, it may be said, at

common law the shop books, or books of account, when the entries therein were made by a clerk, were received in evidence to prove the sale and delivery of the goods, but it was necessary to show that such books were kept for that purpose, and the entries to have been made contemporaneous with the delivery of the goods, and made by the person whose duty it was to make them. (1 Greenleaf on Ev. § 117.)

In this country the rule has been extended so as to admit the books when the entries therein have been made by the party himself; but there is not entire uniformity in regard to the admissibility of books of account in different jurisdictions, except that they all concur in requiring that the entries should be made in the regular course of business, and correctly kept, before they should be received in evidence. (1 Greenleaf on Ev. § 118; Wood's Prac. Ev. §§ 139–145.) While, however, books of account kept by a party, or known by him to be correct, may be used by him as memoranda for the purpose of refreshing his memory, this question must be kept distinct from the question under what circumstances books of account, shown to have been correctly kept, are admissible as original evidence. In the case of shop books, or books of accounts, the entries made therein are admitted to prove the sale and delivery of the goods, or the payment of money, or the performance of work, as the case may be. In the case at bar, no such purpose was contemplated. The entry in the cash-book was not offered to prove the payment of the sum borrowed, for that had already been made, but to prove the date when the money was received, so as to ascertain whether there had not been two years' interest paid more than the transaction authorized. As evidence *ipso facto*, the entry was excluded, but as a memorandum made contemporaneous with the transaction, the witness was permitted to refresh his memory by an examination of it, and when his memory was thus refreshed, to testify to the fact of the date of his own knowledge. In Best on Evidence, note to section 224, it is said that a witness will be permitted to refresh his memory by an examination

of memoranda reasonably contemporaneous with the trans-actions to which they relate, regarding dates, figures, results of calculation, and the like, whether such memoranda be made by the party himself or by any other person. The admissibility, then, of the entry in the cash-book to show the date of the transaction is not to be determined by the legal theory upon which book accounts, shown to be correct, are admissible as original evidence, but whether upon the facts the memorandum made at the time of the transaction in the cash-book was admissible in evidence in connection with the testimony of the plaintiff. That a witness may refer to a memorandum made by him to refresh his memory, is a familiar principle. Our Code provides that "A witness is allowed to refresh his memory respecting a fact by any-thing written by himself or under his direction at the time when the fact occurred, or immediately thereafter, or at any other time when the fact was fresh in his memory and he knew that the same was correctly stated in the writing. But in either case the writing must be produced, and may be inspected by the adverse party, who may, if he choose, cross-examine the witness upon it, and may read it to the jury. So, also, a witness may testify from such writing, though he retain no recollection of the particular facts, but such evidence shall be received with caution." (Hill's Code, § 837.) Lord Ellenborough said that "It is not the memorandum which is evidence, but the recollection of the witness." (*Henry* v. *Lee*, 2 Chitty, 124.) And in *Com.* v. *Jeffs*, 132 Mass. 6, ENDICOTT, J., said: "We are not aware of any case where it has been held that the memorandum could be put in evidence simply because it refreshed the memory of the witness. (*Com.* v. *Ford*, 130 Mass. 64, 39 Am. Rep. 426.) In that case and in many of the cases cited therein, it is stated that the memorandum *per se* cannot be used in evidence." In *Field* v. *Thompson*, 119 Mass. 151, it was held that the memorandum was not competent, and that it could not be put in evidence in confirmation of the recollection of the witness. (Law of Witnesses, §§ 280, 284.) Be that as it may, the memoran-

dum itself is not admissible in evidence except in cases
where the witness at the testifying has no recollection of
what took place, further than he accurately reduced the
whole transaction to writing. (1 Greenleaf on Ev. § 437,
and notes; Wood's Prac. Ev. § 134.) As indispensable to the
admission of such testimony, there must be proof that the
witness who made the memorandum had no recollection of
the matter stated therein, independent of the written paper.
When he has such recollection, the evidence is inadmissible.
In *Howard* v. *McDonough*, 77 N. Y. 593, the court laid down
the rule as to the use of memoranda as follows: "1. A wit-
ness may, for the purpose of refreshing his memory, use any
memorandum, whether made by himself or another, written
or printed; and when his memory has been refreshed he
must testify to the facts of his own knowledge, the memo-
randum itself not being evidence.  2. When a witness has
so far forgotten the facts that he cannot recall them, and he
testifies that he once knew them and made a memorandum
of them at the time or soon after they transpired, which he
intended to make correctly, and which he believes to be
correct, such memorandum in his own handwriting may be
received as evidence of the facts therein contained, although
the witness has no present recollection of them." The rule
was thus stated by CLOPTON, J., in *Jaques* v. *Horton*, 76 Ala.
243: "If the witness, after examining the memorandum,
cannot state the facts from independent recollection, but can
testify that he knew the contents of the memorandum at or
about the time it was made, and knew them to be true, both
the memorandum and the testimony of the witness are admis-
sible." "In other words, the entries or memoranda of trans-
actions made by a witness are admissible only when the
memory of the witness is at fault." (Thompson on Trials,
Sub. 4, § 402, and note of authorities.)

Now, the record in this case discloses that the plaintiff
was able to testify directly to the date when he borrowed
the money from the defendant, of his own personal knowl-
edge, clearly indicating that he did not need the aid of the

entry in the cash-book to refresh his recollection of the transaction. His memory of the matter had not become more or less obscure, requiring the aid of the entry to refresh it so as to enable him to testify from his own personal recollection. He had already done that without its aid, and the only purpose the entry could serve was to confirm his statement. He testified that the $300 was received on the date alleged by him, and that it was the only money that he had ever borrowed or had of the defendant. There was but the single transaction, and his memory was not at fault either in respect to the amount or the date when he borrowed it. These facts plainly show that he did not desire to use the entry for this purpose, but as original evidence of entries made by himself to corroborate his own testimony.

In *Weaver* v. *Bromley*, 65 Mich. 215, the court says: "The memorandum should not have been admitted in evidence. The witness had a clear recollection of the date upon which he received the notice, and did not desire or need the memorandum to refresh his recollection, and it was not used or offered for that purpose. It was introduced and received as original evidence in corroboration of his own statement. It was evidence made by himself in corroboration of himself. It was no more admissible than would have been his oral statement to the same effect, made on that day to a third party." The reason for the exclusion of such entries, except when the witness is unable to recollect such facts, is thus stated in *National Bank* v. *Madden*, 114 N. Y. 285, 11 Am. St. Rep. 633: "The rule which renders such entries admissible rests upon the principle of necessity for the reception of secondary evidence, and is not applicable where the witness has a distinct recollection of the essential facts to which they relate. The primary common-law proof is then furnished, and the necessity for evidence of the lesser degree does not arise. And this right, so qualified, to introduce such secondary evidence, is the better rule, in view of the opportunities which might otherwise exist, to superadd a written memorandum to the

evidence of a witness, which it cannot be said might some-times be improperly made available to strengthen his testi-mony with the court or jury, and such may be within the reasonable apprehension until the moral infirmity of human nature becomes exceptionally less than it yet has." And, finally, to conclude, in the language of Mr. Justice Harlam, in *Railroad Co.* v. *O'Brien*, 119 U. S. 102: "The present case does not require us to enter upon an examination of the numerous authorities upon this general subject, for it does not appear here but that at the time the witness testified, he had, without even looking at his written statement, a clear, distinct recollection of the essential fact stated in it. If he had such present recollection, there was no necessity whatever of reading that paper to the jury, and there was no error."

The next objection is to the refusal of the trial court to grant a motion for judgment for the sum alleged, upon the ground that the answer set up no valid defense. But this is not wholly true, for the defense set up is valid as far as it goes, and shows that the plaintiff has not overpaid him the sum alleged, but only the sum of $3.05. It is true that a judgment *non obstante veredicto* is always upon the merits, and is never granted but in a very clear case, as where it is apparent to the court from the defendant's own plea that he can have no merits. (2 Tidd's Prac. 922.) It is also true that nothing short of an intentional confession will furnish a ground for such judgment, as it can never be rendered on the confession implied upon a pleading from not answer-ing a traversable matter; but here the defendant, by his own answer, directly admits that he has been overpaid the sum of $3.05, and, as a consequence, that the plaintiff is entitled to recover that sum.

The judgment, therefore, must be reversed and the cause remanded, with directions to enter judgment for the plaintiff for that amount.

BEAN, J., did not sit here, having presided in the court below.