## THE NORMA.

### MERRILL v. SULLIVAN.

(Circuit Court of Appeals, Second Circuit. May 28, 1895.)

EVIDENCE—PROOF OF ACCOUNT—ABSENCE OF MEMORANDA.

A bill of particulars containing numerous items of work and materials may be proved, after destruction of the original memoranda, from which the account was made up, by the evidence of the bookkeeper that he correctly transcribed the memoranda, and the testimony of the persons who made and furnished the memoranda to him that the same were correct; but the proof is insufficient where it consists only of the bookkeeper's testimony as to the correctness of his transcription.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by John W. Sullivan against the steam yacht Norma, Charles H. Merrill, claimant, to recover for labor and materials employed in making certain repairs. There was a decree in favor of libellant for $2,150.95, with interest, and the claimant appealed.

Henry W. Bates, for appellant.

Chas. C. Burlingham, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The suit was brought to recover $4,122.87, for labor and materials in repairing the engines of the yacht Norma. After the libel was filed, the claimant paid libellant $2,000 on ac-

count. The district court referred it to a commissioner to take proofs and report the amount due. Libellant was employed to put the engines in repair and fit them up thoroughly in the best manner and as rapidly as possible, but no price was agreed upon in advance. The libellant served a bill of particulars, which fills 20 printed pages of the record, and avers in his libel that the work done and materials furnished were necessary and were reasonably worth the sum of $4,122.87. The issues raised by the pleadings were as to the doing of the work and furnishing the materials set forth in the bill of particulars, and as to the reasonable value thereof.

The report of the commissioner is simply: "In my judgment, the libellant has clearly proved his case, and I find that there is due him a balance [after crediting the $2,000] of $2,109.12." This is $13.75 less than libellant's claim, but the commissioner does not state what item or items he disallowed or reduced.

In the absence of any discussion of the case by the commissioner, it is wholly impossible to ascertain by what process of reasoning he reached his conclusion. There was evidence sufficient to sustain a finding that the prices charged for specific items in the bill were reasonable and customary. There is also abundant evidence to show that a great deal of work was done and much material furnished, and it is possible from the testimony to state, in general terms, the character and extent of libellant's services with sufficient fullness to enable persons familiar with work of that kind to estimate its value. A hypothetical question which recited the facts thus proved elicited from a witness called by the claimant an estimate of $2,200. No similar question was ‑ nt to any of libellant's witnesses, and none of them who gave any estimate of a lump sum for the work had sufficient personal knowledge of what was done to testify to the value, except in reply to such a question. Presumably, the commissioner reached the conclusion that the libellant had proved his bill of particulars (except as to items aggregating $13.75) by competent evidence, but we fail to find such proof in the record.

The bookkeeper who made up the bill had but little personal knowledge of the correctness of any of the items. He made up the account from memoranda furnished to him, by foremen or other employés of libellant. When he had transcribed the several items from the memoranda to the account, he destroyed the memoranda, with some few exceptions. Under the rule laid down in Mayor, etc., of New York City v. Second Ave. R. Co., 102 N. Y. 572, 7 N. E. 905, it was competent to prove the charges by the testimony of the bookkeeper, who transcribed them from the temporary memoranda (which were substantially slate entries) supplemented by testimony of the persons who made the memoranda that such memoranda, to their own knowledge, were correct. The bill contains items of charge under 38 different dates. The character of these items is well illustrated by the charges under date of June 29th.

June 29.

| | |
|---|---|
| 1 file............................................................ | .50 |
| 1 lubricator..................................................... | 2.90 |

| | | |
|---|---|---|
| 1½ lbs. Tupper's [ ] flax packing | .80 | 1.20 |
| 1 lb. pure rubber | | .40 |
| 1 ⅝ " stud. and hx. nut | | .08 |
| 2 ½ " " | .07 | .14 |
| 1 1½ " nipple | | .17 |
| 8 1¾ " fin. hx. nuts. for C. H | .70 | 5.60 |
| 9 hrs. fit. eccs. and straps | .35 | 3.15 |
| 4 " drill ecc. rod | .60 | 2.40 |
| 9 " fit. cylinder | .35 | 3.15 |
| 5 " lathe check valves | .60 | 3.00 |
| 17 " fit. air pumps | .35 | 5.95 |
| 6 " fit. brass oil cups | .36 | 2.10 |
| 1 day lathe valve stems and valve stuff box | | 6.00 |
| 3 hrs. fit. valve stems | .35 | 1.05 |
| 7 " " quadrant | .35 | 2.45 |
| 9 " " blower engine | .35 | 3.15 |
| 2 " " gland | .35 | .70 |
| 2 " lathe bush for link motion | .60 | 1.20 |
| 3 " " pins " " " | .60 | 1.80 |
| 3 " drill link and block | .60 | 1.80 |
| 9 " fit. " " " | .35 | 3.15 |
| 2 " " lever | .35 | .70 |
| 2 " plan. rev. links | | .60 |
| 9 " large lathe crank and int. shaft | 1.00 | 9.00 |
| 1 " drill C. P boxes | | .60 |
| 2 " fit. thrust collars | .35 | .70 |
| 3 " patt. mak. on thrust collars | .45 | 1.35 |
| 2¾ days helper on eng. parts | 3.50 | 9.63 |
| ¼ day patt. mak. on pist. valve and v. cover | 4.50 | 1.13 |
| 1 hrs. forge valve stem and piston rod | | .80 |
| 4 lbs. steel | .06 | .24 |
| 4½ hrs. lathe blinder bolts and nuts | .60 | 2.70 |
| 54 hrs. foreman in charge | .50 | 27.00 |
| 352 " mach. & rigger on board | .35 | 123.20 |

A large part of these charges is for labor at rates per hour which vary with the character of the work done, or of the machine or tool used by the workman. Part of this work was done in the shop, and part on the yacht. The time of the men working on the yacht was kept by a foreman, who testified that the memoranda he made of the time of the men under him was correct to his personal knowledge. As to such items on the bill, therefore, as represent the time of the men on the yacht there was competent evidence sustaining them, before the commissioner, for the bookkeeper swears that he correctly transferred the items from the memoranda; and, although the master of the yacht testified that some of the men were frequently idle during working hours, the finding of the master on conflicting evidence would not be disturbed.

In the case of work done in the shop, the bookkeeper made up his account from memoranda furnished to him by the workmen, which he assumed to be correct, as he had only general knowledge as to the fact that they were working. These memoranda were destroyed, but as they were of the nature of slate entries that circumstance is not material, when the person transcribing them testifies to the accuracy of his transcription, and the persons furnishing them to their correctness. Each workman returned, on these shop memoranda, not only the hours he worked, but also the materials he used. The form of memorandum is as follows:

                                   Date.                         Name.
John W. Sullivan.
    Engine Works.
385 South Street.
Hours.              Tool.          Kind of Work.           For Whom.
                  Materials used and what for.

The difficulty with the proof on this branch of the case is that no one testifies of his own knowledge to the accuracy of these shop memoranda. Since the originals are destroyed, it would probably not be possible to produce specific evidence to the accuracy of each separate memorandum, but libellant should at least have called the workmen who made the memoranda to testify that all memoranda made by them and turned in to the bookkeeper during the period in question correctly set forth the hours they worked and the materials they used. Without such proof, the charges in the bill are supported only by hearsay evidence. Besides the charges for material used by a workman who returned his time on a shop memorandum, other material was sent direct to the yacht, either from the shop or from some outside place where it was bought. Except in a few instances, however, there is no competent evidence of the delivery of such material.

Upon the argument it was intimated that the court would make an independent examination of the entire bill in connection with the evidence, and determine what items are sustained by competent proof. It has become apparent, however, that without further evidence such a disposition of the case would work injustice to the libellant, who apparently, being misled by the commissioner's acceptance of his proof as sufficient to cover his whole charge, has failed to identify those items on the bill as to which the proof is legally sufficient. For example: The charge above quoted, "352 hours mach. & rigger on board," is evidently for work done at the yacht; the charge, "5 hours lathe check valves," is presumably for work at the shop, where the lathe is; but, as to such charges as "17 hours fit. air pumps," we cannot tell whether the work was done at the shop or on the yacht, and therefore whether it stands unproved or proved upon the record.

The decree of the district court is therefore reversed, with costs of this court to appellant, and the cause remitted to the district court, with instructions to refer it back to the commissioner to take such further evidence as may be offered, and report either the fair and reasonable value of the work and material as a whole or what items are proved, and the fair and reasonable value of such items.