**MANCHESTER ASSUR. CO. *v.* OREGON RAILROAD CO.**

79 Pac. 60, 69 L. R. A. 475.

Memorandum as Evidence Under Oregon Statute.

1. The old rule as to the use by witnesses of memoranda made by themselves or others has been so modified by Section 848, B. & C. Comp., that the memorandum can be used only when it was made by the witness or under his direction. If the memorandum was made by another and not under the direction of the witness, it cannot be referred to, even though the witness saw it soon after it was made, and then knew of his own knowledge that it conformed to the facts.

Memoranda—Nature of Evidence—Refreshing Memory.*

2. Memoranda are but secondary evidence, and not competent if the witness is able to testify without referring to them, or if he is able to testify from recollection after refreshing his memory by inspecting them.

Business and Private Memoranda Compared.

3. The admissibility of business and private memoranda is not controlled by quite the same rule, the practice being rather more liberal in reference to the former.

---

*Note.—See the case of *Curtis* v. *Bradley*, 48 Am. St. Rep. 177, 28 L. R. A. 143,     Reporter.

ADMISSIBILITY OF MEMORANDA MADE BY CLERKS.

4. Where locomotive inspectors enter the results of their regular inspections on slips which are filed in a designated office, where the information is, under the regulations of the office, copied by a clerk into a book which the inspectors subsequently sign after comparing the copy with the original data, it is error to permit an inspector to refresh his memory from the book without producing the original entries ,or accounting for their absence.

IDEM.

5. Where original memoranda of locomotive inspections are shown to be lost, other memoranda made from the original slips by a clerk in accordance with his duties, and shown by the evidence of the clerk and inspectors to be correct, are admissible.

FIRES BY ENGINES—EVIDENCE OF OTHER FIRES.

6. In an action for damages resulting from a fire set by a passing locomotive, where plaintiff did not identify the particular engine that caused the fire, the jury may consider evidence as to other fires about that time caused by engines of the defendant, and as to the scattering of live coals about the time in question by such engines.

From Umatilla: WILLIAM R. ELLIS, Judge.

Action by the Manchester Assurance Co. and another against the Oregon Railroad & Navigation Co., resulting in a verdict for defendant.                    .                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. John J. Balleray* and *Mr. John McCourt*.

For respondent there was a brief over the names of *William W. Cotton, Carter & Raley* and *Henry F. Conner*, with an oral argument by *Mr. Conner*.

MR. JUSTICE WOLVERTON delivered the opinion.

The plaintiffs seek to recover damages for loss by fire alleged to have been occasioned by the negligence of the defendant, its agents and employees. The verdict and judgment of the circuit court were for defendant, and plaintiffs appeal.

The defendant, to show that it had observed proper care and precaution in keeping its engines and the smokestacks thereof in suitable repair to prevent the escape of sparks and fire, and the consequent injury to the property of others along the line of its railroad, called one Whitby as a witness, who testified that his occupation was that of a boilermaker; that he was and had been in the employ of the defendant; that he inspected locomotives at times, but that he could not testify from memory regarding any inspection of engine No. 400—the one supposed to have done the damage. A book was then placed in his hands, and

his attention called to a page purporting to show the examination, condition, and repair of the smokestack and ash pan of such engine at La Grande from time to time during the month of December, 1902. This book is ruled in columns headed, respectively: "Date of Examination"; "Condition of Smokestack and Netting"; "Repaired, State Nature of Repairs"; "Condition of Ash Pan and Netting"; "Repairs, State Nature of Repairs"; "Signature of Inspector"; and "Occupation." Within the column headed "Condition of Smokestack and Netting" is written the word "Good," opposite the figure "2" in the column headed "Date of Examination." The word "Good" is also written under the heading "Condition of Ash Pan and Netting," the name of C. W. Ellsworth under the heading "Signature of Inspector," and the word "Inspector" under that of "Occupation." The same thing appears as of dates December 3d and 5th. So of the 7th, 11th, 13th, 15th, 23d, 30th, and 31st, except that the name of J. A. Whitby appears under "Signature of Inspector," and "Boilermaker" under "Occupation." The witness then further testified that the signatures on the page were those of the witness, except the first three, and that the word "Boilermaker" was written by him, but that the word "Good," wherever appearing, was written by a clerk in the division foreman's office; that it was entered from reports that the witness turned in in writing; that when he signed the page he knew the entries as indicated by the clerk opposite his signature to be correct.

On cross-examination the inquiry proceeded as follows:

"Q. Do you know those entries there to correctly report the examinations made on those dates?

A. They do.

Q. What do you recall about the inspections except from this memoranda?

A. When the book is given to me to sign, we have the memoranda right there, and look them over when we sign the book, to make sure it is right when we sign it.

Q. You make these memoranda on what—a book?

A. Yes, sir; a shopbook. * *

Q. The book is still there, which you made the original entries in?

A. I guess it is.

Q. It is not here, is it?

A. No, sir.

Q. The clerk makes this, and you sign them?

A. He keeps them, and copies them off of these reports.

Q. Who told you he copied it off?

A. I frequently see him."

It is further shown that this book is signed by the inspector from the 1st to the 5th of every month following. The page alluded to had previously been offered and received in evidence without objection while Ellsworth, the inspector, signing as of dates December 2d, 3d, and 5th, was on the stand, and likewise the entire book had been offered and admitted, which shows the inspection of many other engines during the same month; but at this time there was an objection interposed both to the memorandum, and to the witness using it, because it appears from the witness's statement that he did not make the entries, nor were they made under his supervision. Ellsworth, while a witness, testified that he made his reports sometimes on stubs, requisition stubbooks—anything to get them on—during the month, which he sent into the office, but that he had them before him when he signed up the exhibit. The objection to the memorandum itself is manifestly without merit, as at this time it had already been admitted in evidence without objection; and, as to the objection to the witness using it, we are of the opinion that it is also without merit, for the reason that the exhibit was already a matter in evidence, and, being so, there existed no good reason why the witness should not have been examined concerning it, nor why he should not have made such statements touching the real facts as he was enabled to with its aid. However, as this case must go back for a new trial on another point, we will state briefly the result of our investigation as to the admissibility and use of this memorandum for any purpose in the case.

1. Under the testimony of Whitby, the result of the inspections were first noted in a shopbook, and the memorandum in question was subsequently made up from these notations by the division foreman's clerk, and verified by the witness, who appended his signature in testimony thereof. The original entries are those made in the shopbook. Memoranda made up therefrom are but secondary evidence, and are not per se competent evidence of

what was done; nor are they competent for use by the witness under any conditions unless they so refresh his memory that he would thereby be enabled to testify independently of them, or except the originals be lost, or their absence legally excused: *State* v. *Magers,* 36 Or. 38, 42 (58 Pac. 892) ; *Haines* v. *Cadwell,* 40 Or. 229 (66 Pac. 910). By the old law a witness might have refreshed his memory from the memorandum or writing made by himself or under his direction, if made at or near the time, and while the fact or facts of which it speaks were fresh in his mind; and so he might have refreshed his memory from a memorandum or record made by another, if read by or to him when the matter was fresh in his memory, so that he was enabled to depose that the writing correctly represented his recollection at the time: 1 Greenleaf, Evidence (16 ed.), § 439b; Abbott, Trial Brief (2 ed.), 395; Stephens, Evidence, Art. 136; 2 Phillips, Evidence, *916; *Commonwealth* v. *Ford,* 130 Mass. 64 (39 Am. Rep. 426). The statute has changed this rule, so that now a memorandum must have been made by the witness himself, or under his direction: B. & C. Comp. § 848. This statute, in the light of the law as it formerly stood, was probably designed to apply more particularly, if not exclusively, to those memoranda where, after consultation by the witness, his memory is not so refreshed that he can speak from his own recollection independently of the writing, because, if wholly refreshed, so that he can speak without it, it is not always necessary that he produce it in court; but, if reference is made to it while testifying, it is proper for the opposite counsel to cross-examine concerning it, to determine whether he is using it as evidence aside from his recollection: *Friendly* v. *Lee,* 20 Or. 202 (25 Pac. 396) ; *State* v. *Magers,* 36 Or. 38, 42 (58 Pac. 892) ; *Haines* v. *Cadwell,* 40 Or. 229 (66 Pac. 910) ; *Hill* v. *State,* 17 Wis. 675 (86 Am. Dec. 736) ; *Folsom* v. *Apple River L. Co.* 41 Wis. 602.

2. The theory of the law deducible from the books seems to be that a memorandum is but secondary evidence of the facts of which it speaks, the primary evidence being the knowledge of the witness, if he is able to testify truly as to the facts mentioned, or if he is enabled to testify from present recollection

after having had his mind quickened by the memorandum—that is to say, of his own knowledge, independent of the memorandum; and it is only when this primary proof is not available that resort may be had to the secondary, so that it becomes necessary to show that the witness cannot speak from knowledge of the facts, or from present recollection thereof, after having consulted the memorandum, before it can become of evidentiary value, either as auxiliary, or an aid to the mind in speaking from it: Bradner, Evidence (2 ed.), 472; Abbott, Trial Ev. (2 ed.), 395, 396; *Friendly* v. *Lee,* 20 Or. 202 (25 Pac. 396) ; *Howard* v. *McDonough,* 77 N. Y. 592; *Peck* v. *Valentine,* 94 N. Y. 569, 571; *National Ulster County Bank* v. *Madden,* 114 N. Y. 280, 284 (21 N. E. 408, 11 Am. St. Rep. 633) ; *Krom* v. *Levy,* 1 Hun (N. Y.), 171; *People* v. *McLaughlin,* 150 N. Y. 365 (44 N. E. 1017) ; *Acklen's Executor* v. *Hickman,* 63 Ala. 494 (35 Am. Rep. 54) ; *Hayden* v. *Hoxie,* 27 Ill. App. 533. But to enable a witness to testify from the memorandum, under the conditions stated, it must be the original, unless it be lost, or its absence excused: *Davis* v. *Field,* 56 Vt. 426; *Caldwell* v. *Bowen,* 80 Mich. 382 (45 N. W. 185) ; *Harrison* v. *Middleton,* 11 Grat. 527, 547.

3. If the original be produced, and it appears that it was made in the usual course of business, it may be introduced and received in evidence along with the testimony of the witness who made it, and is enabled to say that the facts stated in it were correctly minuted at the time; but this is because he has forgotten, so that he is unable to speak concerning such facts without the aid of the memorandum: Abbott, Trial Ev. (2 ed.), 395; *National Ulster County Bank* v. *Madden,* 114 N. Y. 280, 284 (11 Am. St. Rep. 633, 21 N. E. 408) ; *Peck* v. *Valentine,* 94 N. Y. 569, 571; *Krom* v. *Levy,* 1 Hun (N. Y.), 171; *Merrill* v. *Ithaca & Owego R. Co.* 16 Wend. 586 (30 Am. Dec. 130) ; *Moots* v. *State,* 21 Ohio St. 653; *Burton* v. *Plummer,* 2 A. & E. *341; *Doe* v. *Perkins,* 3 D. & E. 749 ; *Tanner* v. *Taylor,* referred to by Mr. Justice BULLER in the latter case. Memoranda made in the usual course of business, when made up from reports of subordinates, are admissible, under the rule, when accompanied by the

testimony of such subordinates that they represent truly what had transpired, combined with that of the person minuting the transactions that they were also truly noted; but not so with merely private memoranda, not made in pursuance of any duty owed by the person making them: *Mayor* v. *Second Ave. R. Co.* 102 N. Y. 581 (7 N. E. 905, 55 Am. Rep. 839). To the same purpose, see *Harwood* v. *Mulry,* 8 Gray, 250; *Miller* v. *Shay,* 145 Mass. 162 (16 N. E. 468, 1 Am. St. Rep. 449). So, the court in the case of *The Norma,* 68 Fed. 509 (15 C. C. A. 553), where entries were made in the usual way from memoranda furnished by foremen of the time of their workmen, the memoranda being lost, held that the proofs were sufficient as to certain items pertaining to the yacht; the foremen having been called in conjunction with the bookkeeper who made up the account, citing *Mayor* v. *Second Ave. R. Co.* 102 N. Y. 581 (7 N. E. 905, 55 Am. Rep. 839). Another phase of the question was presented in *Peck* v. *Valentine,* 94 N. Y. 569, where the plaintiff, for the purpose of proving that defendant had not entered in his cashbook all the moneys received by him for the sales of lumber, called one Leggett, who testified that he kept on a loose piece of paper an account of moneys received by defendant, which he gave to the plaintiff. This the plaintiff supplemented by his own testimony that he received the memorandum from Leggett and had lost it, but that he had correctly copied the figures into a memorandum book, and that the entries had not been altered; and it was held error to receive the book in evidence, because the memorandum of Leggett was not produced, and he was not called upon to verify its contents. Of a kindred nature is *Hematite Min. Co.* v. *East Tennessee, V. & G. R. Co.* 92 Ga. 268 (18 S. E. 24).

4. In the light of these rules and legal principles, we are of the opinion that the original memoranda of Ellsworth and Whitby, showing the dates of their inspections, should have been produced, if they were unable to testify to the facts thereby recorded without and independently of them. If produced, however, it would have been competent to submit them to the jury, as well as for the witnesses to speak from them.

5. If, on the other hand, they have been lost, and the fact is satisfactorily shown, then the fact of the inspection could be proven by calling the inspectors in conjunction with the clerk in the division foreman's office who made up the present book in the usual course of business, and the book would then become competent evidence to go to the jury. Neither the inspector nor the clerk being able to testify as to the fact of the inspection and the result, with the attendant dates, from present recollection, the necessity for resort to the secondary evidence would thus be shown; otherwise the book could not be introduced. The book is not a memorandum made by the inspectors or under their direction, but it is a reproduction of the original memoranda made by them. It is a memorandum made by the clerk, however, and, when his testimony concerning it is conjoined with that of the inspectors, showing that inspections were made, and that their memoranda have been lost, or that their production is excusable, and they are able at the same time to verify this as being a correct transcript therefrom, there exists no good reason why the book should not go to the jury.

6. According to the bill of exceptions, the plaintiffs introduced evidence tending to prove that the fire occurred on the 3d day of December, 1902; that it started in a warehouse close to the railroad; that a passenger train passed, and that about fifteen minutes afterwards the fire was discovered; that when first seen it was a "little fire—looked like a headlight of an engine at a short distance"; and that it started on the roof of a warehouse. This was about six o'clock in the morning. Plaintiffs also introduced other evidence tending to show that other trains were seen passing there on previous mornings, and shortly after the fire, and that the engines were frequently seen to throw out sparks sufficient at times to set fire to grass along the way; that the engine hauling the same passenger train was at other times seen to emit sparks, some of them of large size; that the passenger train in question was No. 6, but it was not known what engine was attached to it. Under this record, plaintiffs requested the following instruction:

"You are the judges of all the facts in the case, and should the defendant offer proof to establish the fact that the engines

and the particular engine claimed to have caused the fire was equipped with the best modern appliances generally used, and that it was in good repair, and operated by careful and skilled mechanics, who were careful at the time, you will nevertheless take all the evidence into consideration, and determine from the whole evidence whether this is true or not; and, in doing this, you will take into consideration any evidence tending to show that other fires were caused by engines of the defendant at other times shortly prior or subsequent to the fire alleged in the complaint, or whether engines of the defendant, or this particular engine, scattered coals or sparks or cinders at the time of this particular fire, or shortly prior or subsequent thereto, in determining whether the defendant has been guilty of negligence or not."

This the court modified so as to confine its application to the particular engine which it is claimed caused the fire, and its action in that regard is assigned as error. The particular engine that did the damage not having been identified by plaintiffs' pleadings or proof, plaintiffs were entitled to the instruction requested: 2 Thompson, Negligence, 2371, 2372, 2373, 2374; *Koontz* v. *Oregon Ry. & Nav. Co.* 20 Or. 3 (23 Pac. 820). The one given had the effect of saying to the jury at the last that, although evidence had been admitted tending to show that other engines than the one claimed by the defendant to have set the fire had shortly previous, and subsequent thereto, in passing in proximity to the place, scattered and communicated the fire, they need not consider such evidence, but only such of the kind as related to the particular engine in question, in arriving at their verdict in the case. This was error, for which the judgment of the circuit court will be reversed, and the cause remanded for such further proceedings as may seem proper.

REVERSED.