COMMONWEALTH *vs.* MARY A. JEFFS.

Essex. Nov. 1, 1881. — Jan. 3, 1882. LORD & DEVENS, JJ., absent.

At the trial of an indictment for manslaughter, a witness for the defendant was allowed, in answer to a question put by the government, to refresh his memory from a report made by him of the defendant's statements at the inquest; and the defendant thereupon, without putting any question to the witness, asked to have so much of the report as related to the inquiry of the government read to the jury. The judge excluded it. *Held,* that the defendant had no ground of exception.

INDICTMENT for the manslaughter of James M. Jeffs, at Gloucester, on September 1, 1881.

At the trial in the Superior Court, before *Rockwell,* J., the government offered evidence of statements made and evidence given by the defendant at the inquest. To contradict this evidence, the defendant called one Stickney, a short-hand reporter, and editor of a newspaper in which a report of the defendant's statements and evidence at the inquest had been published, and asked him what the defendant said at the inquest. He answered, that he could state by refreshing his memory by the report in the newspaper, and was allowed to so refresh his memory; but, as the defendant's counsel was in the act of handing him the paper, the witness said that, upon reflection, he did not need to look at it, and did not actually take the paper in his hands at that time, but proceeded to give his evidence. The reporter also stated, that his minutes of the evidence had gone into the waste-basket, and that the newspaper only contained from one third to one half of the full evidence, being the most important part of the same.

On cross-examination, the witness was asked a question by the government, and replied that he could better answer the

question if he was allowed to refresh his memory from said newspaper, whereupon the attorney for the government said, "Very well, you may do so." He refreshed his memory from the newspaper, and then answered. The counsel for the defendant then asked to have the newspaper read to the jury, or so much of the report in it as related to the inquiry of the government. The judge, on the objection of the government, excluded the same. The defendant alleged exceptions.

*W. D. Northend*, (*H. N. Woods* with him,) for the defendant. Upon reëxamination, the defendant had a right to examine the witness upon his testimony given in reply to questions by the government, and to have the paper from which he had refreshed his memory upon the stand, and which was more or less his means of knowledge, read to the jury, that the defendant might examine him upon its correctness, and the correctness of his information received from it. The witness may have referred to the wrong paper; his inferences from the reading might be erroneous; and, as only a part was printed, it was important to learn how much, and whether what was printed was so intelligible, without the rest, that the witness could receive correct information from it. *Dugan* v. *Mahoney*, 11 Allen, 572. 1 Greenl. Ev. § 437. 2 Phil. Ev. (4th ed.) 916 and notes.

*G. Marston*, Attorney General, for the Commonwealth.

ENDICOTT, J. A witness may be allowed to refresh his memory by looking at a printed or written paper or memorandum, and, if he thereby recalls a fact or circumstance, he may testify to it. It is not the memorandum which is evidence, but the recollection of the witness. We are not aware of any case where it has been held that the memorandum could be put in evidence simply because it refreshed the memory of the witness. *Commonwealth* v. *Ford*, 130 Mass. 64. In that case, and in many of the cases cited therein, it is stated that the memorandum *per se* cannot be used in evidence.

In *Field* v. *Thompson*, 119 Mass. 151, it was held that the memorandum was not competent, and that it could not be put in evidence in confirmation of the recollection of the witness. *Alcock* v. *Royal Exchange Assur. Co.* 13 Q. B. 292. On the other hand, where a witness produces a memorandum to assist his memory, the opposite party is entitled to inspect it, and he may

cross-examine the witness in regard to it; and it may be shown to the jury, not for the purpose of establishing the facts therein contained, but for the purpose of showing that it could not properly refresh the memory of the witness. But even in such a case, only those portions of the memorandum which relate to the cause on trial and the testimony of the witness can be put in evidence. *Commonwealth* v. *Haley*, 13 Allen, 587.

In *Dugan* v. *Mahoney*, 11 Allen, 572, it was held that if a witness, upon looking at a memorandum made by him at the time, is able to testify to the delivery of goods, the testimony is admissible, although the witness has no present memory of the transaction, and the memorandum itself is incompetent. In that case, the memorandum consisted of certain entries made in a book, and it was said in the opinion, that the books were properly submitted to the jury, because the testimony of the witness to his positive knowledge of the fact in issue and his means of knowledge were regularly before the jury, and it was for the jury to consider them. See *Rex* v. *Ramsden*, 2 C. & P. 603. So a witness may be required in the discretion of the court to look at memoranda or papers to aid his recollection. *Chapin* v. *Lapham*, 20 Pick. 467. And in *Commonwealth* v. *Fox*, 7 Gray, 585, a witness was called who could not read or write, and a paper signed with her mark was produced as a memorandum to refresh her recollection; and it was held that the paper could not be read to the witness in the presence of the jury, but that the witness should withdraw with one of the counsel on each side, and the paper should be read to her without comment.

In the case at bar, one of the witnesses for the defendant was allowed, in answer to a question put by the attorney for the government, upon cross-examination, to refresh his memory from a report, published in a newspaper, of the defendant's statements at the inquest, and the defendant thereupon, without putting any question to the witness, asked to have so much of the paper as related to the inquiry by the district attorney read to the jury. The court excluded it. It does not appear what facts the witness testified to after looking at the paper, or what were the contents of the report, or that the same was called to the attention of the presiding judge, or that it was offered for the purpose of showing that it could not properly refresh the

memory of the witness, or that any reason was given or any ground was stated why it was admissible. It is consistent with the bill of exceptions that the defendant offered it for the purpose of confirming the testimony of her own witness.

It may be that under certain circumstances the paper might properly have been admitted, but, as the case is stated, it falls within none of the exceptions to the general rule, that a memorandum used to refresh the memory of a witness is not in itself evidence for the jury. The bill of exceptions affords us no means of determining that its exclusion was wrong.

*Exceptions overruled.*