## A. O. BRAINERD *v.* WILSON DRAPER.

### *Evidence.  Memorandum.*

1. While the plaintiff was testifying in chief he referred to a pocket diary to refresh his recollection, and read some portion of it. On cross-examination the defendant offered the whole book to show that the witness had not been in the habit of keeping a diary. *Held,* that it was competent for the court to limit the use of the book to what had been read ; as the witness did not claim to have kept a diary of *all current events,* but only what transpired on *one occasion.*
2. The question being whether a note, signed by the defendant, endorsed by the plaintiff, to a trust company, he afterwards becoming the owner and bringing suit, had been fraudulently altered, and whi'e the treasurer of the company was testifying in chief, the defendant's counsel, on the request of the plaintiff were stopped by the court from examining the company's books. *Held,* no error ; as it did not *appear* for what purpose the books were being examined; or, that they were asked for, or, refused on *cross-examination.*
3. The president of the trust company was properly allowed to state, in rebuttal, that he would not have discounted said note without the endorsement of the plaintiff ; but, if not, it was harmless to defendant, and not vitiating error.
4. The fact that the note was not protested is not evidence that it had been fraudulently altered.

ASSUMPSIT on a promissory note.   Plea, general issue, and trial by jury, April Term, 1882, ROYCE, Ch. J., presiding.   Verdict for the plaintiff.   Questions of evidence :   The plaintiff claimed that defendant signed the note in question ;  that he himself endorsed it to the St. Albans Trust Company ;  that he afterwards became the owner of the note, and that it was the same as when signed by the defendant.   The defendant claimed the note had been fraudulently altered  by inserting the words, " order of A. O. Brainerd at."   The note was not paid when due, but was not protested for non-payment ; and the plaintiff did not recollect that any written notice had been given him of non-payment, but his attention had been called to this fact by the president of the company.   The plaintiff was a director, and his brother, Lawrence Brainerd, president and manager of said company.

The plaintiff while being examined in chief had some pocket diaries before him, and examined them while testifying.   Upon

cross-examination the witness said he referred to those books to see what the dates were principally, and to refresh his recollections of what transpired at a meeting between him and said Draper on April 1st, 1879 ; and that he wrote the memoranda of what occurred between him and Draper under that date, and at said time. The witness read the memoranda.. The defendant offered the pages read which were admitted. He then offered the whole book to show that the witness was not in the habit of keeping a diary, which was objected to and excluded.

The plaintiff in rebuttal introduced as a witness, Heber Burgess, treasurer of the Trust Company, who testified, on direct examination, that he had been connected with the institution since 1874, and had charge of the books of the company ; that he first saw the note after being signed on the 2d day of October, 1875, when he entered it on the books, and that he should say that it presented the same appearance upon its face as now ; that the note was entered on the journal under the head of bills receivable, and of the date of October 2d, 1875, which entry read as follows : " S. E. Lassell, Wilson Draper, E. H. Rood note endorsed by A. O. Brainerd ; note dated October, 1875, discounted this day." Said journal contained the general accounts of the Trust Company with its customers.

While the witness was testifying in chief the defendant's counsel obtained the books by his permission, and were examining them generally. The court sustained an objection to such examination. In rebuttal, Lawrence Brainerd, president of the Trust Company, was allowed to state that he would not have discounted the note without the endorsement of the plaintiff. The defendant's second request to the court was :

" That if the jury find that the note was not protested for nonpayment, it is strong evidence to show that it was never payable to plaintiff's order, but was payable as claimed by defendant ; and that the fact that notice was not given is strong evidence to show that it is as defendant claims."

The court omitted to comply with the request.

*Farrington & Post,* for the plaintiff.

*H. S. Royce* and *Wilson & Hall*, for the defendant.

The opinion of the court was delivered by

ROWELL, J.   Plaintiff referred to his diary to refresh his recollection of what transpired on a certain occasion, and sought not to strengthen the memorandum as evidence by showing that he was in the habit of keeping memoranda of current events.   Showing by the diary that he had no such habit would neither have contradicted him nor lessened the force of the memorandum as evidence.   It was competent for the court to limit the use to be made of the book as it did.   *Commonwealth* v. *Haley*, 13 Allen, 587 ; *Commonwealth* v. *Jeffs*, 132 Mass. 5 ; 1 Whart. Ev. s. 525.

It does not appear for what purpose counsel were examining the bank books when their further examination was stopped by the court.   It was while the witness was testifying in chief.   Their examination does not appear to have been asked for nor refused on cross-examination.   No error is apparent.

What Lawrence Brainerd testified to in rebuttal seems to have been in accord with plaintiff's opening.   But if not, it was harmless to defendant, and not vitiating error.

The court properly omitted to comply with defendant's second request.   It embodied the legal proposition that non-protest was evidence of a crime having been committed, whereas crimes are never to be presumed, even in the trial of civil issues, and evidence is to be reconciled with innocence rather than regarded as indication of guilt.   When an act or a fact is fairly susceptible of two interpretations, one lawful and the other unlawful, the lawful will be adopted.   2 Whart. Ev. s. 1249.   Here, the fact of non-protest was evidence of a waiver of protest rather than of a fraudulent alteration of the note.

Judgment affirmed.