ALBERT W. HUEBENER *vs.* CHRISTENA B. CHILDS, executrix.

Suffolk.   December 5, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Evidence,* Declarations of deceased persons, Book entries to prove a negative.

In an action against an executor on a promissory note of his testator the consideration was denied, and the plaintiff, in order to explain a certain matter that had been brought out in his cross-examination, testified on re-examination in his own behalf to statements of the testator, that the plaintiff had lent him money.   The defendant then was permitted to put in evidence a ledger whose entries were in the handwriting of the testator and which on inspection manifestly purported to contain all the testator's receipts, which showed no receipt of money by the testator from the plaintiff.   *Held,* that the action was none the less supported by oral testimony of a statement of the testator, because such testimony had been made necessary by the cross-examination, and that the ledger was admissible under St. 1896, c. 445, and could be used to prove a negative.

HOLMES, C. J.   This is an action upon a promissory note against the executrix of the will of the alleged maker, one William Childs.   The consideration was denied, and evidence of admissions by Childs that the plaintiff had lent him money having been put in by the plaintiff, the defendant offered Childs's bank pass book of the time of the alleged advances, and a ledger, kept by Childs personally, seemingly containing all cash receipts

and an account of deposits and drafts on the bank agreeing with the bank pass book. These books did not show any receipt of money by Childs from the plaintiff. They were admitted subject to exception, and the judge before whom the case was tried found for the defendant.

As we understand it, the pass book and the ledger were offered together, and the objection to them was general. Therefore we do not consider objections peculiar to the pass book open. Moreover, as Childs had adopted the statements of the pass book, not only, to all appearance, by accepting it as correct, but in his own account, or at least had made the same statements in his own handwriting, we should not sustain the exceptions unless the ledger also ought to have been kept out. It is argued ingeniously that the testimony as to Childs's admission was brought out on the re-examination of the plaintiff in order to explain or make definite a matter that had been opened by the cross-examination, and that when a plaintiff is compelled in this way by the other side to introduce oral testimony of a statement of the deceased, that is not supporting the cause of the action by such statement within the meaning of St. 1896, c. 445, so as to let in the memoranda by force of the act. It is said further that, the judge clearly having had this statute in mind when he let in the evidence, it does not appear that he found the entries to have been made in good faith as an exhaustive statement of moneys received, and that therefore the admission cannot be justified under St. 1898, c. 535. It is argued further that even if otherwise admissible the ledger could not be used to prove a negative, citing *Riley* v. *Boehm*, 167 Mass. 183, 187, *Sanborn* v. *Fireman's Ins. Co.* 16 Gray, 448, 455, *Morse* v. *Potter*, 4 Gray, 292.

We are of opinion that the evidence was admissible and admissible to prove a negative. It may be that a case might present a difficulty such as is supposed by the plaintiff's counsel. We assume that the matter of Childs's admissions was first opened by the defendant. But nothing appears to indicate that the plaintiff was compelled to pursue the matter or that he did so for any other than the obvious purpose of laying hold of and reinforcing a piece of testimony favorable to his side. We therefore are of opinion that the conditions existed for the

admission of memoranda under St. 1896, c. 445, although in a case like this, where it is so very unlikely that the good faith of the entries could be questioned, we should be slow to assume that the judge did not bear in mind both the relevant statutes and mean to use all his powers.   Then as to proving a negative. No doubt in general a living witness cannot use self serving memoranda as evidence, and not every book of entries, if admitted, would lead to any inference from the omission of a matter.   But we must assume that this book on inspection manifestly purported to contain all Childs's receipts, and if so it was a declaration by him, only less definite than if expressed in words, that he had received no other sums.   One object of the statute is to make the deceased a witness, although not subject to cross-examination and not under oath but speaking by memoranda and acts, and to that end, in a case like this, it gives his estate the benefit of any declaration by him that can be elicited from his express words or by necessary implication from his express words.   The liberality of intent in the statute is shown by its admitting also evidence of his acts and habits of dealing tending to show the improbability of the alleged statement or promise.

*Exceptions overruled.*

*G. R. Nutter,* (*J. G. Palfrey* with him,) for the plaintiff.
*H. E. Perkins,* (*J. F. Neal* with him,) for the defendant.