JOHN OWENS *vs.* HARVARD BREWING COMPANY.

Suffolk.    January 22, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.*

In an action against a brewing company for personal injuries from falling into an opening in the sidewalk of a city street from which the servants of the defendant had removed a bulkhead in order to deliver beer in the cellar of a hotel, if there is conflicting evidence as to whether the defendant's servants placed barrels on each side of the opening to prevent travellers on the street from falling into it or whether they left the opening unguarded, the question of the defendant's negligence is for the jury.

In an action by a letter carrier against a brewing company for personal injuries from falling into an opening in the sidewalk of a city street from which the servants of the defendant had removed a bulkhead in order to deliver beer in the cellar of a hotel, if there is evidence that the plaintiff had delivered letters on this route for a number of years and had seen the bulkhead open about once a month during that time, that just previous to the accident he had delivered letters in the building next door to the hotel and had come out with a bundle of letters in his left hand at which he was looking when he walked into the opening, which extended about half way across the sidewalk, the question of the plaintiff's due care is for the jury.

TORT for personal injuries from falling into an opening in the sidewalk on Bowdoin Square in Boston from which the servants of the defendant had removed the bulkhead for the purpose of delivering beer in the cellar of the Bowdoin Square Hotel numbered 1–6 in that square, owing to the alleged negligence of the defendant's servants in leaving the opening unguarded. Writ dated April 18, 1903.

In the Superior Court the case was tried before *Bond,* J. The accident happened about a quarter before five o'clock in the afternoon of December 27, 1902. The plaintiff was sixty-three years of age and had been employed as a letter carrier in the city of Boston for more than thirty years. A part of his route included the northerly side of Court Street going from Sudbury Street toward Chardon Street and the northerly side of Bowdoin Square going in the same direction. The length of the opening from which the bulkhead had been removed was four feet eleven

inches and its width two feet eight inches, leaving a clear space on the sidewalk of five feet six inches.

The plaintiff testified that he had been on this route for many years; that previous to the accident he had been upon this route continuously for six months; that just previous to the accident he left mail at the office of the Bowdoin Square Theatre, came out from the vestibule of the theatre ahead of the crowd and went in the direction of Chardon Street, as was his usual custom; that he barely had left the theatre entrance as he went on his way with a bundle of letters in his left hand when the first he knew he fell into the hole; that from the nearest point of the open hatchway to the entrance to the Bowdoin Square Theatre was a very small distance; that the open hatchway did not occupy quite half of the sidewalk; and that before falling into the opening he did not come in contact with any obstacle. He could not recollect whether the lights in the hotel window were lighted.

On cross-examination he said that he had seen the bulkhead open about once a month during the time that he had worked there lately, and possibly once a month during the six years that he had worked there, and that when he came out of the Bowdoin Square Theatre he was looking at the letters in his left hand.

There was conflicting evidence, which is referred to in the opinion, as to whether the defendant's servants had placed barrels on each side of the opening to prevent travellers on the street from falling into it.

At the close of the evidence the defendant asked the judge to order a verdict for the defendant. This the judge refused to do, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,375. The defendant alleged exceptions.

*J. Lowell,* (*J. A. Lowell* with him,) for the defendant.

*G. C. Dickson,* for the plaintiff.

MORTON, J. The evidence was conflicting whether barrels were placed on each side of the opening left by the removal of the bulkhead to prevent any one from falling into it, and the question was plainly one for the jury. So also we think was the question of the plaintiff's due care. He had some right at least

to assume that bulkheads would not be left open in the sidewalk without being suitably guarded, and knowledge of the existence of the bulkhead did not necessarily convict him of heedlessness. It was for the jury, taking into account all of the circumstances, the time of day, his knowledge of the locality, the nature of his occupation and such other matters, if any, as were entitled to consideration, to say whether he acted as a man of reasonable prudence would have done under like circumstances. *Woods* v. *Boston*, 121 Mass. 337. *Fuller* v. *Hyde Park*, 162 Mass. 51. *Lamb* v. *Worcester*, 177 Mass. 82. We see no error in refusing the ruling that was requested.

*Exceptions overruled.*