JOHN E. GURLEY *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

Hampden.     September 27, 1910. — October 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Street railway. *Evidence*, Competency, Records made by absent witness. *Witness*, Refreshing recollection from memoranda, Absent witness.

At the trial of an action against a street railway company by a passenger, who fell into an unguarded pit in the defendant's car barn as he was passing from one car of the defendant to another, there was evidence which tended to show that the car upon which the plaintiff had been a passenger, after making part of its journey, was run into the car barn and that the passengers were directed to take another car, that the other car was an open one, and that a rail prevented the plaintiff from entering it on the side on which the car was that he had left, that the immediate neighborhood of the barn was not well lighted, and that for that reason the plaintiff did not see the pit, which stood in his path as he attempted to pass around the end of the open car to its other side, where he could enter. *Held*, that the jury were warranted in finding that the plaintiff took the natural and ordinary way to the second car, to which he was going in accordance with the direction given by the defendant's employee, that he had a right to assume that the way was safe and unobstructed, and that the plaintiff was in the exercise of due care.

At the trial of an action against a street railway company by a passenger to recover for personal injuries received while the plaintiff with all the passengers on one car in the course of a trip was changing to another car which the defendant was to use for the remainder of the trip, a material question was whether such a change of cars was made, and the defendant offered in evidence a day sheet, kept by a conductor in the course of his duties, on which he was accustomed to make entries of all changes of cars, the defendant intending to show

by the sheet that there was no entry thereon of a change of cars made  during the time when the plaintiff alleged that he was injured.  The presiding judge, while allowing the conductor to use the sheet to the fullest extent to aid his memory, and, it appearing that his memory was not aided thereby, to read from the sheet, if he could testify that it was correct, for the purpose of answering questions on the matter at issue, excluded the sheet itself; and the defendant excepted.  *Held*, that the sheet was excluded rightly.

Where at the trial of an action against a street railway company a witness for the defendant testifies as to a certain former conductor in the employ of the defendant, "I heard he was in New York.  I wouldn't swear to it," this does not show that the former conductor is beyond reach of process and thus render admissible in evidence a day sheet kept by the conductor in his own handwriting and in the course of his duties, especially where the day sheet would not have been admissible if the conductor had been present and testifying.

TORT, for personal injuries caused by the plaintiff falling into a pit in the defendant's car barn as he was walking in the barn from one car to another.   Writ dated October 4, 1907.

The case was tried before *Schofield*, J.

The "day sheets" of two conductors, Foster and Murphy, offered in evidence by the defendant and excluded by the presiding judge as stated in the opinion, were sheets upon which the conductors were accustomed to record among other things any change of cars made during a trip.   The sheets offered by the defendant were those kept by conductors on trips made during the time when the plaintiff testified that he was injured. The defendant offered the sheets as tending to show that there was no record thereon of a change of cars on either sheet, and, inferentially, that no change was made on any trip which occurred during the time when the plaintiff contended he was injured while such a change was being made.

As to the sheet kept by Foster, Foster himself testified, and the presiding judge ruled, after Foster had said that the sheet did not refresh his memory in any way, as follows:  "Under our decisions the record can't be used as independent evidence, as a piece of paper which is evidence and admitted as such, but I think the witness can use it for the purpose of testifying, and he can use it in two ways.   He can use it for the purpose of examining it, and if it revives his actual recollection he can testify now as to what his recollection is, using that as a memorandum to refresh his memory.   I understand him to say that it doesn't revive any recollection, that his mind is a blank in

regard to it. Very well, there is another way in which he can properly use it. If a witness on examining a paper made in the usual course of his duty and business, after the transaction has gone by and faded out of his mind, if, upon looking at this record, he knows that it was then correct, and can so testify after looking at his record, he is entitled to do so."

Murphy, the other conductor, was not a witness. A witness testified, " I heard he was in New York. I wouldn't swear to it." There was no other testimony or statement in regard to his whereabouts. His handwriting was identified.

Other facts are stated in the opinion.

The jury found for the plaintiff in the sum of $800; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely*, for the defendant.

*R. P. Stapleton*, for the plaintiff.

SHELDON, J. The plaintiff was a passenger on one of the defendant's cars going from Springfield to Holyoke. The plaintiff's testimony was that this car, after making a part of the journey, was run into a car barn of the defendant, and passengers for Holyoke were directed there to take another car. The new car was an open car, and the bar on the side towards the plaintiff was down, so that passengers could not enter it on that side. The plaintiff went around the rear of the car for the purpose of boarding it, and fell into an unguarded pit close behind the rear of the car, receiving the injuries complained of.

1. The defendant admits that there was evidence of its negligence, but contends that the plaintiff was not in the exercise of due care, and so that a verdict should have been ordered in its favor. We think it plain that this question was for the jury. He was a passenger, had been carried upon the defendant's premises, and there directed to take another car. It could be found that he took the natural and ordinary way to follow that direction. He had a right to assume that this way was safe and unobstructed. *Connelly* v. *Boston, ante*, 4, 5. *Powers* v. *Old Colony Street Railway*, 201 Mass. 66. There was also some evidence that the immediate neighborhood of the pit was not well lighted, and that he failed to notice it for this reason, although he was looking out to see where he was going. The de-

fendant's evidence as to this, although strong, left the question one for the jury. *Owens* v. *Harvard Brewing Co.* 194 Mass. 498. *Picquett* v. *Wellington-Wild Coal Co.* 200 Mass. 470. None of the cases cited for the defendant supports its contention.

2. The defendant argues that the day sheet kept by Foster should have been admitted in evidence. This day sheet was materially different from the train sheet, the entries in which were held to be competent evidence in *Donovan* v. *Boston & Maine Railroad,* 158 Mass. 450. That was a record kept and used in the train despatcher's office for the purpose of operating safely railroad trains, upon the accuracy of which the avoidance of collisions, the preservation of the railroad company's property and the security of its passengers and employees from death or injury depended from moment to moment. For this reason, it was said in that case to be "an act rather than a declaration." *Donovan* v. *Boston & Maine Railroad,* 158 Mass. 450, 455. For similar cases, see *Insurance Co.* v. *Railroad,* 138 N. C. 42, and *Louisville & Nashville Railroad* v. *Daniel,* 3 L. A. R. (N. S.) 1190. This is stated with great force in the opinion of the court in the case last referred to. The alleged practice of the defendant in keeping a record of the changes of its cars rests upon no such necessity, and its correctness is assured by no such controlling considerations as were found in the three cases just cited. But it is settled in this Commonwealth that the doctrine of these decisions rests upon their peculiar facts and is not to be extended to other cases to which the same reasoning cannot be applied. *Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass. 359, 368.

It must be noted also that this record was not offered for the purpose of showing a fact therein stated, as has been the case in most of the decisions upon the general subject, but for the purpose of showing that the alleged change of cars did not appear thereon, and so laying the foundation for an argument that no such change was made. *Riley* v. *Boehm,* 167 Mass. 183, 187. *L'Herbette* v. *Pittsfield National Bank,* 162 Mass. 137, 142. *Sanborn* v. *Fireman's Ins. Co.* 16 Gray, 448, 455. *Morse* v. *Potter,* 4 Gray, 292. The decision in *Huebener* v. *Childs,* 180 Mass. 483, turned on the provisions of St. 1896, c. 445 (R. L. c. 175, § 67), and so can in no way help the defendant. Even in the Donovan

case, already referred to, the train sheet itself was not put in evidence, but the particular entries relied on were read to the jury.

But apart from this consideration we see no error in the exclusion of the paper in question. The witness was allowed to use it to the fullest extent to aid his memory. The court also ruled that even if the transaction had faded out of the mind of the witness, yet if upon looking at the record he knew that it was correct and could so testify, he might do so, and might read the record for the purpose of answering questions as to whether or not the alleged change of cars actually had been made. This was correct. *Dugan* v. *Mahoney*, 11 Allen, 572. *Morrison* v. *Chapin*, 97 Mass. 72. *Adams* v. *Coulliard*, 102 Mass. 167. *Cobb* v. *Boston*, 109 Mass. 438. But the paper itself was not competent for the purpose for which it was offered. *Costello* v. *Crowell*, 133 Mass. 352, 355. *Commonwealth* v. *Jeffs*, 132 Mass. 5. *Mayberry* v. *Holbrook*, 182 Mass. 463. *Holden* v. *Prudential Ins. Co.* 191 Mass. 153. *Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass. 359.

It would not have helped the jury to lay before them statements of the changes that had been made to and from other cars on other trips; and they had the direct testimony of the witness Foster that the alleged change had not been made upon the trip in question. *Comerford* v. *New York, New Haven, & Hartford Railroad*, 181 Mass. 528.

3. It is contended that the entries made by Murphy were competent as independent evidence on the ground that they were entries made by him in the regular course of his duty of facts within his personal knowledge, and that he was beyond the jurisdiction of the court. *Parker* v. *Nickerson*, 137 Mass. 487, 496. But there was no suggestion that he was dead, and it now must be taken that the judge did not find that he was beyond the reach of the court. The testimony as to this came from Williams, and he testified only, " I heard he was in New York. I wouldn't swear to it." This did not warrant a finding that Murphy was beyond the reach of process.

We find no error in any of the rulings excepted to.

*Exceptions overruled.*