SOUTHBRIDGE ROOFING CO. vs. PROVIDENCE CORNICE CO.

APRIL 26, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Evidence.   Refreshing Recollection.*
Where a witness was permitted to make use of a book in which he had made certain memoranda during an examination by him of plans of a building,

for the purpose of refreshing his recollection, the book itself was properly excluded, since it is not the memorandum which is evidence but the recollection of the witness.

*(2)  Contracts.  New Trial.*

A verdict on conflicting facts, approved by the trial court will not be disturbed, in the absence of any apparent error.

ASSUMPSIT.  Heard on exceptions of defendant and overruled.

VINCENT, J.  This is an action of assumpsit brought to recover damages suffered by the plaintiff through the alleged breach of a contract by the defendants.

One H. U. Bail, a contractor, entered into a contract for the erection of a building at Southbridge, Massachusetts, called the "Sacred Heart School." The plaintiff, the Southbridge Roofing Company, made a contract with Bail to do the roofing. Before making such contract the plaintiff, with a view to subletting a portion of the work, obtained from the defendants the figures upon which they would do a certain part of the work and furnish certain materials. Relying upon this offer of the defendants the plaintiff entered into a contract with Bail, the principal contractor.

The agreement between the plaintiff and the defendants is set forth in the following written communication (from the defendants to the plaintiff):

"PROVIDENCE, R. I., May 5, 1909.

SOUTHBRIDGE ROOFING CO.,

      Southbridge, Mass.

GENTLEMEN:—We will propose to furnish and put up on Sacred Heart School, Southbridge, Mass., Mr. Louis G. Destrempts, Architect, copper gutters, ridge, copper outlets, knob finials, skylights, half round copper windows and gal. iron ducts and hoods for the sum of eight hundred and sixty-four dollars ($864).

      Yours truly,

            PROVIDENCE CORNICE CO.

We hereby agree to do the work on Sacred Heart School, as specified above, for the Southbridge Roofing Company for the sum of eight hundred and sixty-four dollars ($864).

Yours truly,

PROVIDENCE CORNICE Co."

It appears from the testimony that the original letter of the defendants to the plaintiff, above quoted, was not altogether satisfactory in terms to the plaintiff and at its request the defendants added another paragraph making the agreement more specific.

The declaration alleges that this offer of the defendants was duly accepted by the plaintiff in May, 1909; that the plaintiff relying thereon contracted to do certain work in building said "Sacred Heart School" which work included the work contracted to be done by the defendants; that the defendants afterwards, on the 30th day of July, 1909, notified the plaintiff that they cancelled their said written offer, and refused to carry out their contract; and that the plaintiff in fulfilling its said contract was obliged to incur an expense of $2,388.54 in doing and completing the work contracted to be done by the defendants, resulting in a loss to the plaintiff of $1,524.54.

The defendants pleaded the general issue and upon a trial of the case in the Superior Court a verdict was rendered for the plaintiff for $1,096 damages and $378.12 interest, amounting in the aggregate to $1,474.12. The defendants filed a motion for a new trial which was heard and denied by the trial court and the case is now before us upon the defendants' bill of exceptions. The exceptions are five in number, the first four exceptions are to rulings of the trial court in admitting and excluding certain testimony. The fifth exception is to the decision of the trial court in denying the defendants' motion for a new trial.

The plaintiff claims that its representative, one Joseph Proulx, accompanied by Mr. Bail, called at the office of the defendants in Providence and left with the defendants

certain blue prints to enable them to figure upon the work and materials which the plaintiff desired the defendants to furnish; that a day or two later the plaintiff received from the defendants the letter, hereinbefore quoted, which embraced the defendants' offer; that later at the request of Mr. Proulx another paragraph was added to the contract which is also quoted above; and that on July 30, 1909, defendants addressed a letter to the plaintiff stating that they returned the plan and specification and cancelled the previous figures on the ground that the plan upon which they figured was drawn ¼ inch to the foot, while the later plan was drawn ⅛ inch to the foot, and offering to furnish work and materials according to said later plan for the sum of $1,959. The defendants claim that the first interview was with Mr. Proulx and that he was not accompanied by Mr. Bail or anyone else; that he did not leave any blue prints with them for the purpose of figuring the contract, but referred them to blue prints in the hands of the architect in Fall River; that accordingly Mr. Wolf, one of the defendants, went to Fall River and was there shown, by a young man in charge of the architect's office, certain plans; that Mr. Wolf took these plans and after spending some two hours in examining, figuring upon them and making certain memorandums in his book returned to Providence and made up the estimate of $864, which was subsequently submitted to the plaintiff; that the plans from which he took his memorandum and upon which he made his estimates were drawn upon a scale of ¼ inch to the foot; and that afterwards when their foreman, Mr. Fox, went to Southbridge for the purpose of making certain measurements and where he examined plans in the possession of the contractor, be brought back measurements which indicated to the defendants that some mistake had been made in their figures which as the defendants subsequently ascertained resulted from the difference in the scale between the drawings upon which they figured and the drawings which they later found to be those in accordance with which the building was

to be erected.　Upon gaining this information the defendants wrote their letter of July 30, above referred to, cancelling the amount of their bid and advising the plaintiff that the amount required for the work and materials would be $1,959.

The plaintiff denied that any blue prints or plans involved in the erection of this building or submitted to the defendants, either at the latter's office or at the office of the architect in Fall River, were drawn upon a scale of $\frac{1}{4}$ inch to the foot or upon any other scale than $\frac{1}{8}$ inch to the foot.

There is testimony in behalf of both the plaintiff and defendants in support of their several contentions.　It is evident that one of two things must have happened.　That either the plans submitted to the defendants were drawn upon a scale of $\frac{1}{4}$ inch to the foot or that the defendants failed to examine them with sufficient care to determine the scale upon which they were drawn.

The 1st, 2nd and 3rd exceptions of the defendant to the admitting of certain testimony do not seem to us to be of sufficient merit to warrant discussion.　The 4th exception is to the exclusion by the court of the book in which Mr. Wolf, one of the defendants, testified that he made certain memorandums during his examination of the plans at the architect's office in Fall River.　Mr. Wolf was however permitted to make free use of the book in refreshing his memory while on the witness stand, but when the book was offered in evidence by the defendants it was excluded by the trial court. We do not think that it could properly have been admitted in evidence and that the use of it in refreshing the memory of the witness was all that the defendants were entitled to. A witness may be allowed to refresh his memory by looking at a printed or written paper or memorandum and if he thereby recalls a fact or circumstance he may testify to it. It is not the memorandum which is evidence, but the recollection of the witness.　*Henry* v. *Lee*, 2 Chitty, 124; 1 Wigmore on Ev., Sec. 763; *Commonwealth* v. *Jeffs*, 132 Mass. 5, and cases cited.　It does not stand upon the same footing as a book of account and we think its rejection as evidence to go to the jury was correct.

The 5th exception is to the decision of the trial court denying the defendants' motion for a new trial. It appears from the testimony that the work which the defendants contracted to do for $864 cost a very much larger sum and the difference between their bid and the final cost of the work shows quite conclusively that the defendants must have made some grievous error in their figuring or were misled by the drawings or blue prints submitted to them by the plaintiff. The original blue prints from which the defendants claim to have made their figures were not produced at the trial. There is evidence as to their destruction by some employee of Bail who was ordered, some time after the completion of the building, to clean up and burn a quantity of accumulated rubbish.

(2)    It will be seen that the testimony as to material facts in the case is directly in conflict. The disposition of the case depends to a great extent upon the veracity of the witnesses who testified to the main facts. The trial court does not appear to have been satisfied that the verdict was unwarranted or that it failed to do justice between the parties. If the bid of the defendants was made through error on their part they must suffer the consequences and abide by the contract which they made to do the work and furnish the materials for the sum of $864. They cannot repudiate the contract on the ground of their own mistake and avoid liability. The jury have found in favor of the plaintiff and have rejected the contention of the defendants and we do not see, under the circumstances of the case, how we can say that either the jury or the trial court, in the conclusions reached, were in error.

The defendants' exceptions are all overruled, and the case is remitted to the Superior Court, with instructions to enter judgment on the verdict.

*Murdock & Tillinghast,* for plaintiff.

*John A. Tillinghast,* of counsel.

*Irving Champlin, J. Jerome Hahn, Philip C. Joslin,* for defendant.