LYDIA L. MONROE *vs.* FLORIDA BELVAL, *Ex'x.*

JULY 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This action in assumpsit brought by Lydia L. Monroe against the executrix of the will of Alphonse Rolland, deceased, is based upon two separate causes of action set forth respectively in the first and second counts of the declaration: one for board and room and other

necessaries provided for the said Rolland during his lifetime; the other arising from an alleged agreement between the plaintiff and Rolland that the latter should pay her the sum of $1,200, the amount of damage sustained by her through a fire caused by his negligence. The trial resulted in a verdict for plaintiff on the first count for $1,398.28 and for defendant on the second count. The case is before this court on defendant's motion to dismiss plaintiff's bill of exceptions and on plaintiff's exceptions to the admission and exclusion of testimony and to the charge to the jury, all relating to the second count of the declaration

Defendant's motion to dismiss plaintiff's bill of exceptions is based in substance on the contention that no written request was made to the court stenographer for a transcript of the record of the trial in the Superior Court. As it appears that within the time limited by law notice of intention to prosecute a bill of exceptions was filed, and the record was ordered, paid for, printed, filed and allowed within said time, the fact that a written order for the transcript was not physically presented to the stenographer forms no ground for dismissing the bill of exceptions. The motion to dismiss is denied.

The plaintiff offered evidence to the effect that since 1917 she has operated a summer resort at Spring Lake in the town of Burrillville, Rhode Island; that in September, 1918, while the said Alphonse Rolland, an old friend of the plaintiff and her husband, was boarding at said resort, a wooden storage building and its contents were destroyed by a fire for which Rolland assumed the responsibility because, by his own admission, he had laid his lighted tobacco pipe on certain goods in the building just before the fire broke out; that Rolland promised to meet the loss and instructed the plaintiff to prepare an inventory thereof; that this inventory showed the loss to be $1,200, which sum Rolland agreed to pay and plaintiff agreed to accept in full satisfaction of the loss; that Rolland inquired if they planned to rebuild and, being told "No", replied that that suited him because he

had to transact certain business, but that he could pay them later; that for the next twelve summers, until he became ill in 1929, Rolland continued to board at plaintiff's resort and each summer reacknowledged his indebtedness to plaintiff and promised to pay the same; that after he left, in 1929, plaintiff—with her husband or a friend—frequently visited him, and that during each visit Rolland spoke of the debt to plaintiff and said, in substance, that as soon as he was able to go out he would go to the resort and straighten the matter out. He died on November 22, 1931.

Plaintiff took nine exceptions to portions of the charge to the jury, of which exceptions those numbered 1, 7 and 8 are waived. Exception 2 is to the following statement in regard to the promise to pay $1,200 to plaintiff: "If the promises to pay were made to both (plaintiff and her husband), the plaintiff cannot recover." It is contended that under this instruction the jury might have been misled into believing that if Rolland were addressing both the plaintiff and her husband, even though his promise to pay was to plaintiff alone, they might find that she could not recover. There is nothing in the language which is misleading or permits a construction such as this. The whole charge on the question to whom the promises were made is clear and unambiguous. This exception is overruled.

The third, fourth and fifth exceptions are to portions of the charge which in substance state that on the question of the promises the jury might take into consideration not only the testimony of witnesses as to conversations between Rolland and Mr. and Mrs. Monroe but also the surrounding facts, the value of the building and the ownership and value of the articles therein. These instructions were proper under authority of Sec. 55, Chap. 342, G.L. 1923, which provides that: "In any action brought against an executor or administrator for the recovery of money, supported by oral testimony of a promise or statement made by the testator or intestate of the defendant, evidence of statements, written or oral, made by the decedent, memo-

randa and entries written by him, and evidence of his acts and habits of dealing tending to disprove or to show the improbability of the making of such promise or statement shall be admissible." Defendant had offered evidence tending to show that plaintiff's fire loss was far less than the amount alleged to have been offered by Rolland in compensation, and the jury had a right to consider Rolland's custom in conducting business and whether it was consistent with his oral agreement to pay a large sum for a small damage, to one interested person without securing a release from a second interested person. A most important factor in determining the issues involved was the evidence showing a substantial disproportion between the amount lost and the compensation offered. The exceptions to these portions of the charge are overruled. See *Perry* v. *Feeney*, 49 R. I. 1; *Huebener* v. *Childs*, 180 Mass. 483; *Cogswell* v. *Hall*, 185 Mass. 455; *Tripp* v. *Macomber*, 187 Mass. 109; *Whitcomb* v. *Whitcomb*, 217 Mass. 558; *Greene* v. *Boston Safe Deposit & Trust Co.*, 255 Mass. 519.

Exception 6 is to the statement: "Under the rules of law applicable to this case, a mere promise by Alphonse Rolland to pay for the loss of the building or its contents, or to pay twelve hundred dollars, would not entitle the plaintiff to recover on this count in this action." Plaintiff urges that this statement was prejudicial because it failed to include the question of Rolland's alleged responsibility for the fire, admission of liability and agreement to pay $1,200 therefor. The isolated sentence excepted to is only a small part of the charge relating to the law of consideration; on this matter the whole charge is full and complete. However, as a mere promise is not , *per se*, a contract and is not actionable, the sentence itself states the law correctly. The exception thereto is overruled.

The ninth exception is to the portion of the charge wherein the court asked: "Did Mrs. Monroe at the request of Mr. Rolland give him time to pay for the loss, and did she promise to forbear bringing suit in return for his promise to

pay $1,200?'' Plaintiff contends that this question limited her right to recover unless there was an agreement to forbear suit and such forbearance was for a certain time, but that her right to recover did not depend upon forbearance but accrued to her under the law of compromise and settlement and under the general principles relating to consideration. This contention cannot be sustained. A reading of all the portions of the charge relating to consideration clearly shows that the court left it to the jury to find a contract if there was a legal consideration of any nature. In one portion of the charge said justice states: "In order for the plaintiff to recover on this count, you must be satisfied, therefore, by a fair preponderance of the evidence, that Mrs. Monroe paid something, gave up something, or promised to pay something, or promised to give up something to Alphonse Rolland in return for his alleged promise to pay her $1,200." The charge as given correctly stated the law. The ninth exception is overruled.

The remaining exceptions, of which those numbered 16, 17 and 18 are waived, are to rulings upon the requests to charge. Exceptions 10, 11 and 12 are to the denial of plaintiff's first, second and third requests to charge, which may be summarized as follows: "'If you find that Rolland acknowledged responsibility for the fire and loss, and promised to pay plaintiff $1,200 and (first) renewed his promise twice before 1928; or (second) at any time within six years after the fire promised to pay her in his will; or (third) received a release from Mr. Monroe of his interest in the amount lost; then defendant would be legally obligated to pay." The rulings denying these requests must be approved. The requests omit any reference to a valuable consideration and do not state any acceptance by the plaintiff or predicate any agreement to bar the plaintiff from bringing a tort action against the defendant. See 1 Williston on Contracts, § 186. The exceptions on these grounds are overruled.

Exceptions 13, 14 and 15 are to rulings granting the defendant's eighth, ninth and eleventh requests to charge

492

as follows: "If Mr. Rolland requested the plaintiff to forbear suing him for negligence, there was no contract to pay unless the request was granted, and if not granted the verdict must be for the defendant on the second count. . . . The jury must distinguish between a request on the part of Mr. Rolland to delay bringing suit against him . . . and a promise to pay for the damage. If there was only a request . . . then there was no contract and the verdict must be for the defendant on the second count." Plaintiff urges error in confining the plaintiff's right to recover to the question of forbearance. A reading of the entire charge shows this argument to be groundless. The language in the charge relating to consideration was, as we have already stated, explicit and yet general enough to leave it to the jury to find a binding contract on the part of Rolland if there was any legal consideration.

All plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*John J. Mee, Morris E. Yaraus,* for plaintiff.
*Charles H. McFee, James H. Rickard,* for defendant.