### PAUL PREW *vs.* JAMES DONAHUE.

Hampden.    September 28. — 29, 1875.    AMES & DEVENS, JJ., absent.

*In an action to recover the price of hay sold, the certificate of a weigher's assistant, not himself an official weigher, is not admissible in evidence, even in connection with the testimony of the weigher, to prove that on the day therein named hay was weighed by the weigher for the defendant.*

CONTRACT to recover the price of 130 pounds of hay. Answer, a general denial. Trial in the Superior Court before *Rockwell*, J., who allowed a bill of exceptions in substance as follows :

E. W. Brown, weigher of hay, called by the plaintiff, produced his official book, by which it appeared that he weighed some hay for the defendant in October, 1872, to the amount of 130 pounds. It did not appear from the original record of whom the hay was purchased, but the name of " Paul Prew," was inserted in pencil marks in the handwriting of a person who became Brown's assistant in July, 1873. This was not objected to. After this evidence was put in the plaintiff offered a certificate made by the said assistant, of which the following is a copy :

" Springfield, Mass., October 25, 1872. This certifies that I have this day weighed for Paul Prew, one load of hay said to be for Donahue.

" Gross . . . . . . . 2,130
" Team . . . . . . . 2,000
                                          ─────
                                           130
                              " E. W. Brown,
                                   " K. Weigher."

Brown testified that this certificate was made by his said assistant, and could not have been made until after July 2, 1873, and that he did not know when the name of " Paul Prew " was inserted in the record.

The defendant objected to the introduction of this certificate but the judge overruled the objection, and admitted the certificate, solely to show the fact, in connection with the testimony of the weigher, that hay was weighed for the defendant by him on that date, and it was put into the case.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*H. Morris & A. M. Copeland*, for the defendant.

*E. H. Lathrop*, for the plaintiff.

BY THE COURT. The certificate, not made by the weigher, was erroneously admitted; and the case does not present the question whether, if it had been made by an official weigher, it would have been competent evidence.

*Exceptions sustained.*