## PHILIP E. FIELD *vs.* JOHN THOMPSON.

Suffolk. November 15. — 16, 1875. WELLS & ENDICOTT, JJ., absent.

In an action to recover the price of goods sold and delivered, the only issue was whether the delivery of the goods, which was made to a third party, was upon the defendant's order and credit. The plaintiff offered to show by entries in his books of account that the articles were charged to the defendant, and credit given alone to him. The judge excluded the evidence for that purpose, and ruled that "the entry in the book might be regarded as a memorandum made by the plaintiff at the time, and, as such, entitled to some weight in confirmation of the recollection and evidence of the plaintiff," upon the issue. *Held*, that the first ruling excluding the evidence was correct, and that the second ruling was erroneous.

CONTRACT on an account annexed to recover $169.85, the price of certain articles furnished for the burial of. the wife of one Drinkwater, who was the sister of the defendant's wife.

At the. trial in the Superior Court, before *Pitman*, J., without a jury, the only issue was upon whose order and credit the articles were delivered.

The plaintiff offered evidence tending to show that the defendant, Drinkwater being present, verbally ordered the articles, and directed the plaintiff to charge them to him ; that they were subsequently delivered at the house where both the defendant and Drinkwater lived, and were used in the burial.

The plaintiff further offered to show by his book of account that the articles were charged to the defendant, and credit given alone to him ; but on objection by the defendant, the judge excluded the book for that purpose ; and ruled that the entry in the book might be regarded as a memorandum made by the plaintiff at the time, and, as such, entitled to some weight in confirmation of the recollection and evidence of the plaintiff, with reference to whether or not credit was given to the defendant, and the goods delivered on his order.

There was no evidence that the defendant ever saw the entry in the book ; and he offered evidence tending to show that he never ordered the goods, and never directed that they should be charged to him, and never agreed to pay therefor. It was admitted that none of the articles were delivered to the defendant personally.

The judge found for the plaintiff ; and the defendant alleged exceptions to the ruling of the judge, admitting the book in evidence.

*J. L. Eldridge*, for the defendant.

*C. H. Fleming*, for the plaintiff.

GRAY, C. J.   The bill of exceptions shows that the delivery of the articles in question was not disputed, and that the only real issue in the case was upon whose order and credit they were delivered.   The entries in the plaintiff's book of account were not admissible on that issue ; they were not in the nature of a certificate required by law or usage, but were mere private memoranda ; and the first ruling, excluding the book, was correct. *Somers* v. *Wright*, 114 Mass. **171.**

The entries might doubtless be shown to the witness to aid his recollection ; and if they did not appear to have been admitted for any other purpose, the exception to their admission could not be sustained. *Dugan* v. *Mahoney*, 11 Allen, 572. *Cobb* v. *Boston*, 109 Mass. 438.

But the final ruling of the learned judge, as stated in the bill of exceptions allowed by him, went beyond this. It was, " that the entry in the book might be regarded as a memorandum made by the plaintiff at the time, and, as such, entitled to some weight in confirmation of the recollection and evidence of the plaintiff " upon the question at issue between the parties. This ruling was inconsistent with the first one, and allowed to these entries a weight as evidence, in corroboration of the plaintiff's testimony, to which they were not legally entitled. *Townsend Bank* v. *Whitney*, 3 Allen, 454. *Maine* v. *Harper*, 4 Allen, 115. *Bentley* v. *Ward*, 116 Mass. 333. *Prew* v. *Donahue*, 118 Mass. 438.

*Exceptions sustained.*