## REPUBLIC OF HAWAII *v.* HANG CHEONG.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JULY 8, 1895.                    DECIDED JULY 23, 1895.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE COOPER, WHO SAT IN PLACE OF BICKERTON, J., ABSENT FROM ILLNESS.

An admission was made to a police officer by H. C. that he had bought spirituous liquor from T. S., not licensed to sell, and it was followed by a promise by the officer that, if he should tell the same story on the trial of T. S. for selling the liquor "he would be clear," or that he, the officer, would "do the square thing by him."

Held, it was no error not to exclude the admission, on the trial of H. C. for perjury.

An officer read to the jury his memorandum in writing of a statement made to him by the defendant, which was objected to. It not appearing under what instructions this went to the jury, and the bill of exceptions not raising the objection, the Court refused to consider it.

### OPINION OF THE COURT BY JUDD, C.J.

On the 19th of last March at Wailuku, Maui, the defendant was taken into custody and taken to the sheriff's office and there questioned by Sheriff Andrews and Deputy Sheriff Dickey as to his part in a transaction alleged to have just occurred. He said substantially that he had bought a bottle of spirituous liquor at Wing Wo Tai's store of Toong Soong the store keeper, handing Toong Soong $1 and receiving back 50 cents change. It appears by the evidence that defendant said he had bought the liquor for one Ah Chong and just as he had delivered it to him an officer took the bottle, arrested defendant and thereafter arrested Toong Soong and took him and defendant to the Sheriff's office.

At the trial of Toong Soong on the charge of selling spirituous liquor without a license the defendant was offered as a witness to prove the sale. Having denied upon oath that he bought the liquor he was charged with perjury, and was duly committed for trial. An indictment was found against him, and his trial proceeded with before a jury, at the last June Term, 1895, of the Circuit Court, Second Circuit. During the trial, in order to prove the truth of the allegations, that the defendant did buy the spirituous liquor of Toong Soong the denial of which by defendant was assigned as perjury, the Sheriff, L. A. Andrews, was offered as a witness to show defendant's admission of the fact. The admission was objected to as having been obtained by duress while defendant was under arrest.

He does not appear to have been charged with any definite offense. It is no offense under our law to *buy* spirituous liquor from a person not having a license to sell. The Sheriff says he "probably was under arrest then, but I wanted him as a witness." The Sheriff testified that "defendant said to me that he had bought the liquor but did not know that it was for the purpose of prosecuting" the seller. On cross-examination the Sheriff said "I told him that if he told the same story he would be clear." This was objected to on the ground that the admission was not voluntary but was made under a promise that he would be "clear." We do not find in this evidence of the Sheriff that a promise was made defendant which induced the original statement that he had bought the liquor. "If he told the same story" must mean, if he should tell on the trial of Toong Soong for selling liquor, the same story then just told, that he had bought the liquor.

Deputy Sheriff Dickey's evidence is to the same effect, except that he took down in writing the defendant's statement as to his buying the liquor. This was read to the jury under objection and the objection was overruled. The law is that where a person has made a memorandum of the statement of another, he, the writer, when offered as a witness, may refresh his

memory therefrom but may not read the memorandum to the jury as the statement of the other person,—nor may it be filed as evidence. See 1 Greenl. Ev. 436, 439. Exactly what was done in this case does not appear. The memorandum is not on file, and the Clerk's minutes do not state that it was offered as evidence, and it does not appear under what instructions this evidence went to the jury. The bill of exceptions does not set out an objection to the memorandum being read as evidence, and we cannot consider it here.

Mr. Dickey said: "I told him we would do the square thing by him if he told the same story in Court." We understand this to be merely a promise, as in Sheriff Andrews' case, that if defendant should adhere to the statement that he had bought the liquor, when called in Court as a witness, the officer would "do the square thing by him." No promise was made to him before he admitted that he had bought the liquor.

The statute, Law of Evidence (Comp. Laws, p. 379) reads: "No confession which is tendered in evidence on any trial, shall be rejected on the ground that a promise or threat has been held out to the person confessing, unless the judge or other presiding officer shall be of opinion that the inducement was really calculated to cause an untrue admission of guilt to be made."

The presiding judge did not exclude the admission nor does it appear that he was asked to do so, and we cannot find that his discretion was not rightly and legally exercised.

The exceptions are overruled.

*A. M. Brown,* for prosecution.

*A. Rosa* and *A. S. Hartwell,* for defendant.