# REPUBLIC OF HAWAII *v.* ARAKI TOYOTARO, OYAMA SINZO and FUKUMOTO SOTARO.

### EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

### SUBMITTED SEPTEMBER 24, 1897.    DECIDED OCTOBER 18, 1897.

### JUDD, C.J., FREAR AND WHITING, JJ.

Where a person has made a memorandum of the statement of another, he, the writer, when offered as a witness, may refresh his memory therefrom, but may not read the memorandum to the jury as the statement of the other person—nor may it be filed as evidence.

### OPINION OF THE COURT BY WHITING, J.

The defendants, who are Japanese, were indicted for murder in the second degree and convicted of manslaughter at the June Term, 1897, of the Second Circuit Court. The defendants took several exceptions to the admission of evidence which are set forth in the Bill of Exceptions.

During the trial, the prosecution offered certain memoranda written by the Deputy Sheriff which were alleged to have been statements made by the defendants to him through an interpreter and taken down by him. The Deputy Sheriff first took down the

statements given him by two of the defendants on the day after the homicide and that of the third defendant two days later. The Deputy Sheriff wrote his notes at the time in a small note book and several days afterwards he wrote out in good English from his original notes and from his memory the written memoranda in question: he copied them the best he could. The original notes were not produced at the trial, and were not shown to be lost or destroyed, but it appears that some of the leaves of the Deputy Sheriff's memorandum book were lost and he says "what I remember I wrote down." These memoranda do not purport to be and were not copies of the Sheriff's original notes and it appears that they differed materially from such notes. On the back of the memoranda in the handwriting of the Deputy Sheriff appears "Statements in the Murder case March 12, 1897 and March 11, 1897," and at the heading of one of them, "Statements on March 12, 1897 and on March 14th, Murder case of Wata on March 11, 1897." These three statements were attached together and purport to be admissions of defendants.

The defendants objected to their admission "on the ground that they were not the original statements or memoranda as written down by the Deputy Sheriff and also that they were not competent or admissible in evidence." The objection was overruled and the memoranda themselves were admitted in evidence and read to the jury and not merely used to refresh the memory of the witness.

The admission in evidence of these memoranda is clearly error. *Republic of Hawaii v. Hang Cheong*, 10 Haw. 94, Judd, C.J., "the law is that where a person has made a memorandum of the statement of another, he, the writer, when offered as a witness, may refresh his memory therefrom, but may not read the memorandum to the jury as the statement of the other person—nor may it be filed as evidence. See 1 Greenl. Ev. 436, 439."

In *Com. v. Jeffs*, 132 Mass. 5, Endicott, J., "A witness may be allowed to refresh his memory by looking at a printed or written paper or memorandum, and, if he thereby recalls a fact

or circumstance, he may testify to it.    It is not the memorandum which is evidence, but the recollection of the witness.    We are not aware of any case where it has been held that the memorandum could be put in evidence simply because it refreshed the memory of the witness."

In *Com. v. Ford,* 130 Mass. 640 and in many of the cases cited therein, it is stated that the memorandum *per se* cannot be used in evidence.

In *Field v. Thompson,* 119 Mass. 151, it was held that the memorandum was not competent, and that it could not be put in evidence in confirmation of the recollection of the witness.

*The People v. Elyea,* 14 Cal. 145; Roscoe, Cr. Ev., p. 90. Sec. 56.

It is unnecessary to consider the remaining exceptions.

Exceptions sustained.    A new trial is ordered.

*E. P. Dole,* Deputy Attorney-General for prosecution.

*P. Neumann* for defendants.