Decided 2 July, 1900.

## SUSEWIND v. LEVER.

[61 Pac. 644.]

MEMORANDUM AS EVIDENCE.*

To render a memorandum admissible in evidence it must appear that the per-
son who made it knew when he made it that it was true, and that he is now
unable to state the facts except by using the statements therein contained:
*Friendly* v. *Lee*, 20 Or. 202, cited.

From Union : Robert Eakin, Judge.

Action by H. E. Susewind against W. S. Lever and the
Union Woolen Mill Co., as garnishee. From a judgment
against the garnishee it appeals.          Reversed.

For appellant there was a brief and an oral argument
by *Mr. Thos. H. Crawford.*

*NOTE.—This subject is also very fully discussed in the case of *State* v. *Magers*
35 Or. 520, and 36 Or. 38.—REPORTER.

For respondent there was a brief over the names of *Leroy Lomax* and *F. S. Ivanhoe*, with an oral argument by *Mr. Lomax.*

MR. JUSTICE MOORE delivered the opinion of the court.

This action was commenced in the circuit court for Union County to recover of W. S. Lever the sum of $410.50, and, a writ of attachment having been issued therein, a certified copy thereof and a notice of garnishment were served upon the Union Woolen Mill Co., a corporation, and, its certificate in response to such notice being unsatisfactory to the plaintiff, he served upon it written allegations and interrogatories respecting a debt alleged to be due on account of labor performed by the defendant for it, and, such averments and questions having been answered in writing under oath by the president of said corporation, issue was joined thereon, and, a trial being had, judgment was rendered against the garnishee for the sum of $175, and it appeals.

It is contended by appellant's counsel that the court erred in admitting in evidence, over their objection and exception, what purported to be a memorandum containing a statement of the time the defendant was employed by the Union Woolen Mill Co., the compensation he was to receive therefor, and the amount due on account thereof. J. F. Lever, a witness for plaintiff, testified that as superintendent of the Union Woolen Mill Co. he kept the time of all persons in its employ ; that he secured a correct statement of the time defendant worked for said corporation ; that he prepared a memorandum of such time, which, upon its being exhibited to him, he recognized as his handwriting, whereupon said memorandum was offered in evidence, and is as follows :

"UNION WOOLEN MILL CO., Dr.,
       "To W. S. LEVER, for labor.

| | |
|---|---|
| July, 1897, work on factory roof, 14 days, $1.75_____$ | 24 50 |
| August, 1897, work on factory setting up machinery, 26 days at $3.00_____ | 78 00 |
| Sept., 1897, work at factory, 26 days, $3.00_____ | 78 00 |
| Oct., 1897, work at factory, 26 days, $3.00_____ | 78 00 |
| Nov., 1897, work at factory, 25 days, $3.00_____ | 75 00 |
| Dec., 1897, work at factory, 26 days, $3.00_____ | 78 00 |
| Jan., 1898, work at factory, 19 days, $3.00_____ | 57 00 |
| Feb., 1898, work at factory, 24 days, $3.00_____ | 72 00 |
| March, 1898, work at factory, 15 days, $3.00_____ | 45 00 |
| April, 1898, work at factory, 26 days, $3.00_____ | 78 00 |
| May, 1898, work at factory, 26 days, $3.00_____ | 78 00 |
| | $  741 50" |

Private writings adverse to the interest of the person
making them are admissible as evidence of the facts
stated therein when such person is dead or without the
state : Hill's Ann. Laws, § 767. If it be admitted that
the memorandum objected to was against the interest of
J. F. Lever, who made it as agent of the garnishee, he
was present at the trial, and by inspecting the writing,
if his memory was refreshed thereby, he could have tes-
tified as to its contents, thus superseding the necessity of
offering it in evidence. A witness is allowed to refresh
his memory respecting a fact by anything written by him-
self, or under his direction, at the time when the fact
occurred or immediately thereafter, or at any other time
when the fact was fresh in his memory, and he knew
the same was correctly stated in the writing: Hill's
Ann. Laws, § 836. The memorandum, however, is not
admissible in evidence, except when the memory of the
person who wrote it, or caused it to be made, is not re-
freshed by its inspection, and as a witness he testifies
that he knew the writing was correct when made, but
that he is unable to detail the particulars from recollec-
tion : Wood, Prac. Ev. § 134 ; Thompson, Trials, § 402,
subd. 4, and notes. It is the duty of a party to intro-
duce the best evidence that is within his power to pro-
duce, and if he call a witness who, after examining a
memorandum made by him or under his direction, re-

members the facts therein stated, the knowledge of the witness in this respect is superior to the memorandum, and better subserves the purpose of a trial, because it affords an opportunity of cross-examination, thereby rendering the writing inadmissible : *Friendly* v. *Lee*, 20 Or. 202 (25 Pac. 396); *Paine* v. *Sherwood*, 19 Minn. 315 (Gil. 270); *Field* v. *Thompson*, 119 Mass. 151 ; *Commonwealth* v. *Ford*, 130 Mass. 64 (39 Am. Rep. 426); *Commonwealth* v. *Jeffs*, 132 Mass. 5. Where, however, the memory of the witness is not refreshed by an examination of the writing he has made, so as to enable him to state the particulars from recollection, and he testifies that he knew when the memorandum was made that it correctly stated the facts, it then becomes admissible, because it is the best evidence procurable under the circumstances. "A great variety of American cases," says Mr. Justice Cowen, in *Merrill* v. *Ithica & O. R. R. Co.* 16 Wend. 586 (30 Am. Dec. 130), "have arisen where the witness, having made the entry or memorandum, could swear to his belief of its truth, but had entirely forgotten the facts which he recorded, in which the paper thus attested has been received and read in evidence to the jury." Further in the opinion, after citing several cases which support the legal principle thus announced, the distinguished jurist concludes by saying : "The result is that original entries, attested by the man who makes them, may be read to the jury, though he remembered nothing of the facts which they record." See, also, *Spann* v. *Baltzell*, 1 Fla. 301, 338 (46 Am. Dec. 346); *Bank of Monroe* v. *Culver*, 2 Hill, 531 ; *Bank of Tennessee* v. *Cowan*, 7 Humph. 70 ; *Sasscer* v. *Farmer's Bank*, 4 Md. 409 ; *Haven* v. *Wendell*, 11 N. H. 112 ; *Watson* v. *Walker*, 23 N. H. 471 ; *Webster* v. *Clark*, 30 N. H. 245 ; *State* v. *Shinborn*, 46 N. H. 497 (88 Am. Dec. 224); *Sickles* v. *Mather*, 20 Wend. 72 (32 Am. Dec. 521). The transcript does not show that J.

F. Lever's memory was faulty respecting the statement which he prepared, or that he knew it was true when he made it. The proper foundation for the introduction of this memorandum not having been laid, it was error to admit it in evidence, and the judgmust must therefore be reversed, and the cause remanded for a new trial.

REVERSED.

Decided 2 July, 1900, rehearing denied 17 September, 1900.