Argued May 5, reversed and remanded June 15, 1966

# VELASQUEZ *v.* FREEMAN
415 P. 2d 514

*Arden E. Shenker,* Portland, argued the cause for appellant. On the brief were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

*Gerald H. Robinson,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, DENECKE, HOLMAN and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

This is an appeal from a judgment for the plaintiff for wages earned as a bakery employee plus a penalty for defendant's failure to pay such wages upon termination of employment and attorney fees.

Defendant operated a bakery known either as the "New Yorker Bakery" or the "New Yorker Bagel Bakery" as a sole proprietorship. He employed the plaintiff to work in the bakery. The employment started about February 25, 1964 and terminated when the bakery burned down on April 9, 1964. The parties are in violent dispute with respect to all other facts concerning the employment.

Plaintiff contends that he was hired and worked as shop foreman at basic wages set at $3.58 per hour

with time and one-half that rate for overtime. Defendant swore that plaintiff was a clean-up man and that his wages were $2.00 per hour.

Plaintiff claims that he worked 552½ hours and earned $2,509.36. Defendant asserts that plaintiff only worked 192½ hours and earned $385.00. The parties do agree to the bare fact that plaintiff received from defendant $440 between the above dates.

Defendant claims he has no records of plaintiff's days or hours of employment, the same having all been destroyed in the fire. He lacks any independent memory of plaintiff's hours of work, but asserts that plaintiff worked the same hours as another employee (concerning whom he apparently has no employment records either).

Plaintiff testified that he worked seven days a week for defendant but denies any independent recollection of the hours that he worked. He claims, however, that he kept memoranda of his hours of employment. He testified that the defendant told him that he was to receive union wages for shop foreman's rating, but when asked if he recalled what the hourly rate was, he replied, "I don't recall that, either." Later he said, "I don't know the rate. They have it in the book."

Defendant's first assignment of error is the ruling of the court admitting into evidence plaintiff's Exhibit 1. The exhibit is a photocopy of a schedule prepared by George L. Evans, a former attorney for plaintiff. It purports to list each day of the week and month that plaintiff claims to have worked for defendant, the total hours claimed for each day's work with computations as to the amount due for "regular hours" and that due for "overtime hours." Columns showed extra pay for work on Sunday, the total wages claimed for each week and items of payroll deductions for taxes

and Social Security payments withheld. Plaintiff testified with respect to Exhibit 1, as follows:

"Q (By Mr. Robinson) I hand you what has been marked Plaintiff's Exhibit 1 for identification. Let me ask you, first of all, if you recognize this sheet of paper.

"A Yes, I do.

"Q The figures on it?
"A Yes.
"* * * * *

"Q Who made them up for you?
"* * * * *

"A Mr. George Evans.

"Q The man who was here a moment ago?
"A Yes. They are my wife's attorney and they are the ones that made that up for me.

"Q And that is based on the hourly figures and dates that you had?
"A Yes, sir.
"* * * * *

"Q Do you have the notebook in which you actually kept your hourly wages?
"A No, sir. I was trying to find them and I don't have them.

"Q Do you recall whether or not you had them when Mr. Evans made this up, whether he made them up from those records?
"A They made them from the records, yes, sir.
"* * * * *

"Q From your own recollection, Mr. Velasquez, do you know from the recollection of your own records, original records that you kept at the time, do you know if you—how much time you put in between the times alleged in the complaint? How much time did you work for Mr. Freeman?

"A The hours are right there, but I put more than that, but I just put that right there. I was there before that.

"Q  Do you know the figure?

"A  Not the figure, no, I don't know that."

Plaintiff gave no further testimony regarding the origin of the material that was the basis for the figures in Exhibit 1. When called as a witness, George L. Evans, plaintiff's former attorney, testified concerning the exhibit. He stated that in the previous year plaintiff brought to him some memoranda but he could not describe them. He testified that the dates and hours on the exhibit were taken from the original documents that plaintiff brought to him. When asked how he computed "the other columns under such headings as 'Regular hours,' 'Overtime hours,' 'Total wages' and so forth?", he responded:

"A  Mr. Velasquez gave me the rates that he was entitled to, and by multiplication I computed the key amounts.

"*  *  *  *  *

"Q  Did you have two different sets of notebooks Mr. Velasquez brought in to you?

"A  I remember there were notebooks, there were memoranda. That's all I can tell you about that.

"Q  What did they look like?

"A  I don't even remember that.

"Q  Was that the only basis on which you computed that charge?

"A  That was a starting point for the number of hours and he gave me the wage he was entitled to.

"Q  Did you take the hours solely out of those notebooks?

"A  Yes."

When asked what knowledge he had as to the where-abouts of the memoranda furnished to him by plaintiff, Mr. Evans gave the following testimony:

"THE COURT: What happened to the notes or the memoranda, Mr. Evans?

"THE WITNESS: That, Your Honor, I can't tell you. I don't know.

"THE COURT: Did he leave them with you, do you know?

"THE WITNESS: They were with me for some time. I have searched my office for them. I can't locate them.

"* * * * *

"Q Now, subsequently when Mr. Velasquez left your services, did you turn your file over to him?
"A I am trying to remember, Mr. Shenker. I believe I did, but I cannot say for sure.

"Q And you don't recall whether you turned over the notebooks to him?
"A I don't recall.

"Q Did you turn over your files to Mr. Robin-son?
"A No, I didn't know Mr. Robinson was in the case until today, until yesterday.

"Q Did you turn your files over to Mr. Vesely, who handled the case before Mr. Robinson, or with Mr. Robinson? Mr. Ivan Vesely?
"A I don't think so.

"Q Did you turn your files over to anybody except Mr. Velasquez?
"A I don't think I would have, no.

"Q You didn't have contact with any other at-torney besides Mr. Robinson prior to this case?
"A I talked with the boys in the State Labor Department, and I don't recall whether I turned anything over to them or not."

There is no further evidence of any attempt to locate the memoranda which plaintiff says he kept. Plaintiff offered into evidence what purports to be a union contract between Bakers Union Local No. 114 and the New Yorker Bakery, but the court ruled it inadmissible for want of proper foundation.

■ Defendant argues that without plaintiff's Exhibit No. 1 there is no evidence to support plaintiff's claim or the judgment, and that the admission of the exhibit violates the best evidence rule. It is contended that there was no proper showing of an unsuccessful search for the original memoranda. ORS 41.640 (1) (b) authorizes the use of secondary evidence in proving the contents of a writing when the original "cannot be produced by the party by whom the evidence is offered, in a reasonable time, with proper diligence, and its absence is not owing to his neglect or default."

We must assume from the ruling admitting plaintiff's Exhibit 1 into evidence that the trial court looked upon the missing memoranda as "past recollection recorded" and susceptible of being received, if available, as substantive evidence upon proper foundation and identification. There is evidence that Velasquez had no present recollection of the facts but was able to swear to the correctness of the entries when he made them in the memoranda. *Susewind v. Lever,* 37 Or 365, 61 P 644 (1900); 63 W Va L Rev 73 (1960); 12 Okla L Rev 165 (1959); Trial Lawyer's Guide, 1957 Annual, p 249; 3 Wigmore, Evidence, 3d Ed, Past Recollection Recorded, § 734; 32 CJS 946, Evidence, § 696.

Plaintiff contends that Exhibit 1 was properly received as secondary evidence of the contents of the missing memoranda. We conclude that the trial court took the same view of the exhibit.

This court adheres to the rule that before a party can give secondary evidence of the contents of a writing he must show that he cannot produce the original in a reasonable time by the exercise of a reasonable effort to do so. The reasonableness of the effort is in most cases governed by the extent of the search for the original.

■ There is no universal or fixed rule to test the efficiency of a search for a lost document. The extent of the search must depend upon the circumstances of the case, including the nature and ownership of the paper and its normal or expected place of deposit. *Stipe v. First National Bank,* 208 Or 251, 301 P2d 175 (1956); *Jones v. Teller,* 65 Or 328, 133 P 354 (1913); *Wiseman v. N. P. R. R. Co.,* 20 Or 425, 26 P 272 (1891); 23 Am St Rep 135; 4 Wigmore, Evidence, 3d Ed 337, § 1194.

■ While we have followed the rule that the trial court's determination of the proof of the loss and the sufficiency of the search will not be disturbed short of abuse of the court's discretion, this court recognizes the necessity to review the basis for the admission of the secondary evidence when circumstances so require. *Stipe v. First National Bank,* supra; McCormick on Evidence, Hornbook Series, p 413, § 201 (1954).

■ The only persons claiming knowledge of the memoranda, which Exhibit 1 is sought to replace, are the plaintiff Velasquez and his former attorney, George L. Evans. Plaintiff's own testimony reveals only, "I was trying to find them and I don't have them." These bare conclusions do not describe a search. What he did, if anything, in an attempt to find the memoranda and why he concludes that he doesn't have them are the facts that the court must have to determine the question of the loss and the reasonableness of the search.

While Evans testified that he searched his office for the memoranda but could not find them, he does not recall what they looked like. There is no evidence regarding when he made his search, but since he didn't know who represented plaintiff until the day before the trial, it seems probable that the search was made shortly before he testified. Although he was asked if he turned plaintiff's file over to him when he ceased to represent the plaintiff, Evans replied, "I believe I did, but I cannot say for sure." Plaintiff was silent in his testimony regarding such a possibility.

Mr. Evans testified that he had talked to Mr. Vesely, another attorney for plaintiff, and did not think that he had turned plaintiff's files over to him, but Mr. Vesely was not called as a witness. When Evans could not recall whether he turned anything over to "the boys in the State Labor Department", but he recalled talking to them about the case, no one from such department was called as a witness to shed light on the question.

This meager evidence does not furnish a basis for the conclusion that the memoranda are lost and that a reasonable search for them has been made. It was error to admit plaintiff's Exhibit 1 into evidence.

The two remaining assignments of error are directed at the court's findings of fact and conclusions of law. No comment on them is necessary in view of the above.

Reversed and remanded for a new trial.