[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action is one for the enforcement of a contractual non competition clause in a purported April 1987 employment agreement and a December 21, 1990 agreement between the defendant Wilson and the plaintiff.
The defendants' motions for summary judgment are based on the argument that both agreements were only supported by CT Page 1335 past consideration and thus were invalid.
In the first memorandum filed by the defendant the existence of the April 1987 agreement was contested and the defendant questioned the adequacy of the evidentiary basis to prove the existence of such an agreement for the purposes of this summary judgment motion.
In its reply brief the plaintiff asserts there is a genuine issue of material fact and claims the defendant was made a secretary in the plaintiff's company in exchange for his signing of the December 21, 1990 agreement. If this were to be established it of course would provide support for an argument that signing of the 1990 agreement was not based on past consideration. In its reply the plaintiff did not allude to any purported 1987 agreement so the court will decide this motion solely on the issues raised by the 1990 agreement and consider any claims by the plaintiff made as to a 1987 employment agreement waived for the purposes of this motion.
It should be noted that this suit was precipitated by the defendant leaving the plaintiff's employment and forming the Vertex Company, a co-defendant. It is the activities of the defendant Wilson at that company and by means of that company's operations that form the basis of the plaintiff's complaint against both defendants. If the defendant Wilson were to prevail on this motion Vertex would also prevail and similarly if Wilson lost this motion, Vertex could not prevail on the motion.
The general principles governing summary judgment motions are well-known and the limitations on granting such a motion are necessitated by the statutory and practice book scheme providing for it and the right of the nonmoving party to have its case heard by a jury. Therefore a motion for summary judgment should not be granted if there is a genuine issue of material fact. If there is, then there should be a trial and the court should not presume to try the factual issue in dispute. The standard is said to be whether given the same evidence the court would have granted a motion for a directed verdict. No matter how weak or strong a court might think a party's case may be the party is entitled to a trial if there is a genuine issue of material fact. CT Page 1336
The general principles of law set forth by the defendants are correct and thoroughly explained. The plaintiff does not really contest the purely legal position taken by the defendants.
The basic question as to the 1990 agreement which contained a contractual non-competition clause is whether or not it is an enforceable contract.
A contract requires consideration to be enforceable:
 "consideration has been defined as a benefit to the party promising or a loss or detriment to the party to whom the promise is made . . . . And so it has been said that every sufficient consideration, although not technically an estoppel, contains the substantial elements of an estoppel in pais, for if a (person) by (his or her) promise induces another to change (his or her) position and is then permitted to deny the validity of the promise (he or she) is thus perpetrating a fraud and injuring another by a false promise. The law will not permit this but will hold him to the fulfillment of (his or her) undertaking." Finlay v. Swirsky, 103 Conn. 624, 631 (1925).
The first part of the quotation defines what consideration is and the second portion gives the reason for the definition.
The defendant has presented affidavits to the effect that he was appointed vice president and secretary of the plaintiff company on June 26, 1990. In an affidavit by Wilson he states in September 1990 he was told that he would receive a bonus if the plaintiff company achieved certain sales goals. The goals were achieved in December according to Wilson but the plaintiff refused to pay the bonus unless Wilson signed the December 1990 agreement which contained non-competition clause and other CT Page 1337 restrictive covenants. The defendant then goes on to argue that: "On December 21, 1990, without the furnishing by Command of any present consideration in the form of increased salary, corporate promotion, or other valuable benefit to Wilson, Command and Wilson executed the (1990) employment agreement." (pp. 3-4 of July 20, 1994 brief).
The defendant argues then that there is no consideration for the 1990 agreement so it must fail. The agreement says the consideration is "Wilson's appointment as Secretary of Command." But that benefit had been conferred on Wilson several months prior to the execution of the agreement.
Also any partial payment of the bonus could not provide consideration since Command had already promised the bonus and the defendant thus claims it was legally obligated to pay it. Besides the 1990 agreement specifically recited the consideration as being his appointment as secretary and made no mention of a bonus. The defendant goes on to argue that he should be able to rely on the written language of the 1990 agreement which mentioned the secretarial appointment and not the bonus; a court cannot make a new or different contract Farmers Mechanics Savings Bank v. First Federal Savings LoanAssociation, 167 Conn. 294, 302 (1974). That is an odd argument for the defendant to make since he denies the enforceability of the agreement. But in any event in its objection to the motion for summary judgment the plaintiff does not rely on the payment of a bonus as consideration for the 1990 agreement but explicitly "contends that being made secretary of the plaintiff corporation was an additional benefit to Wilson and constitutes valid consideration for his execution of the 1990 employment contract" (p. 3 of plaintiff's memorandum). The plaintiff concedes that continued employment is not considered to be consideration for the execution of an employment contract once that employment has begun Transam Inc. et al v. RobertZhawred, 1 Conn. L. Rptr. 672, 674 (1990). Here however the plaintiff contends there was an additional benefit — appointment as secretary — which provides the necessary consideration to make the 1990 contract valid, Boessler v.Burwell, 119 Conn. 289, 293 (1934).
The well-reasoned case of Transam Inc. et al v.CT Page 1338Zhawred et al supra defines the law as to past consideration particularly as it applies when a noncompetition agreement is involved.
 "Covenants not to compete are categorized as restraints of trade and therefore against public policy." id. p. 673.
 "In other words, a restrictive covenant will not be enforceable unless it is `founded on valid consideration and a reasonable ground of benefit to the other party.'" id. p. 673-674.
The court went on to reason that "the defendant's employment and salary compensation did not constitute valid consideration because the defendant was already receiving those benefits when the contract was signed . . . and he received no cash payment or additional compensation. Moreover there is no evidence that (he) received any additional benefits of employment in exchange for his execution of the agreement." id. at p. 674, cf CorporateHealth Strategies v. Smith, 11 CLT No. 6 at p. 15 (1987). There is no dispute that the appointment as secretary would have been "a reasonable ground of benefit" and "valid consideration" for the 1990 agreement, Clyde Rudd Associates Inc. v. Taylor II, 225 S.E.2d 602, 604 (N.C., 1976). The question is whether Wilson received that consideration for the signing of the agreement or was the appointment something he had already received; if so it is past consideration. If it was past consideration Wilson did not get appointed secretary (a benefit) for his agreement to not compete (a detriment) — therefore it would not be unfair for Wilson to have on the one hand become secretary and now refuse to abide by a non-competition clause. If the plaintiff was not induced to change its position (appointment by Wilson as secretary) in exchange for any promise by Wilson not to compete then Wilson cannot be prevented from maintaining there was no consideration for the 1990 agreement. In fact the law will presume there was none.
The defendants focus on the December agreement and CT Page 1339 make the argument as noted that Wilson was made secretary in June by their claim and in August by the plaintiff's admission. In a night follows day argument they would have to prevail under the just discussed case law since if the secretarial appointment is the "consideration" it obviously was not contemporaneous with Wilson's signing of the December agreement but was "past consideration" and the non-competition clause of the agreement is not enforceable.
In a motion for summary judgment the moving party, here the defendant, "has the burden of showing the absence of any genuine issue as to all material facts". DHRConstruction Co. v. Donnelly, 180 Conn. 430, 434 (1980). Since the burden of proof is on the party moving for summary judgment the evidence must be viewed in the light most favorable to the non-moving party, Evans Products Co.v. Clinton Building Supply Inc., 174 Conn. 512, 516 (1978),United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,380 (1969).
Accepting these guidelines and reading the affidavits of Mr. Caputo, the plaintiff's president, in a light most favorable to the plaintiff's position the court concludes there is an issue of material fact. Looking especially at the October 12, 1994 affidavit what Caputo appears to be saying is that there was an oral agreement between him and Wilson whereby in exchange for Wilson being made secretary Wilson was going to agree to be bound by a non-competition restriction on his future activities or at least an agreement that Wilson would sign a written agreement to that effect. In his September 29, 1994 affidavit Caputo says:
 "5. In exchange for the execution of this written employment contract, Wilson was made secretary of the plaintiff corporation, the paperwork was filed on or about August 15, 1990.
 6. The decision to make Wilson secretary of the plaintiff corporation was based on his agreement to sign the contract of employment.
7. The contract originally was CT Page 1340 provided to Wilson at the time the paperwork naming him secretary was prepared and filed."
This is somewhat confusing since it is obvious the actual contract was signed several months after Wilson was made secretary whether that date is said to be June 26, 1990 or in August when the papers naming him secretary were filed with the state.
In his October 12 affidavit Caputo admits the agreement signed was not the paperwork he gave to Wilson on or about the time the document naming Wilson secretary was filed. Caputo says the agreement signed was just an additional copy of the agreement which represents Wilson's understanding with him about accepting the non-competition clause in return for being made secretary.
This position is not clearly stated in the affidavits but the October 12 affidavit can be read to say that there had always been an understanding that the secretarial position was a quid pro quo for the agreement by Wilson to sign a written agreement containing the non-competition clause or an oral agreement to the same effect. In paragraph 3 of the October 12, 1994 affidavit Caputo states:
 "3. It was agreed by the defendant Stephen K. Wilson, and myself that in exchange for his being made secretary of the plaintiff corporation he would execute an employment agreement."
The affidavit then goes on to imply these discussions went on over a period of time as evidenced by the filing papers dated June 26, 1990 but not filed until later, see par. 4 of October 12, 1994 affidavit. It is not exactly clear what that is supposed to mean but the only agreement Caputo could be referring to in paragraph 3 is some agreement apparently not the one actually signed, which contained the same non-restriction clauses as the December 1990 agreement that was in fact signed.
The point is that taking Caputo's affidavits in their most favorable light Wilson did receive contemporaneous CT Page 1341 consideration for his agreement not to compete or an agreement to sign a contract to that effect. The consideration according to Caputo is the fact he was made secretary. If this is all true query when this agreement was exactly effectuated? But if the consideration passed in return for Wilson's promise absence of an exact date would not be crucial and Wilson would be estopped from asserting lack of consideration if he did in fact receive it in conjunction with his appointment as secretary. Two cases which offer some insight on the question now before the court are Bouska v. Wright, 621 P.2d 69, 72 (Ore., 1980), Faw, Casson Co. v. Cranston, 375 A.2d 463, 466,467 (Del., 1977).[1]
The Caputo affidavits are in certain respects confusing but I just can't say they do not raise an issue of material fact. It is not my function to resolve conflicting factual issues.
The motion for summary judgment is denied.
Corradino, J.